19492

RUSCON CONSTRUCTION COMPANY OF FLORIDA, Appellant, v. BEAUFORT-JASPER WATER AUTHORITY, Sucessor to Beaufort County Water Authority, Respondent.

(191 S. E. (2d) 715)

*Messrs. T. E. Pedersen* and *N. L. Barnwell,* of *Barnwell, Whaley, Stevenson, & Patterson,* Charleston, *for Appellant,*

*Messrs. William M. Bowen,* of *Dowling, Dowling, Sanders, & Dukes, P.A.,* Beaufort, and *Thomas A. Hutcheson,* of *Sinkler, Gibbs, Simons & Guerard, P.A.* Charleston, *for Respondent,*

September 20, 1972.

LITTLEJOHN, Justice.

On November 20, 1963, Ruscon Construction Company of Florida contracted to build subaqueous mains for Beaufort Jasper Water Authority. The work was performed by Ruscon and accepted by Water Authority in August, 1965. At that time Ruscon submitted its final estimate for final payment for work done under the contract. A dispute arose concerning the proper type of release Ruscon should give upon final payment, and as a result Water Authority held the final payment of $180,758.96 until September 1, 1967, at which time Ruscon signed the release and accepted payment. This sum held by Water Authority was invested by it and earned interest in the amount of $16,428.40 as of September 1, 1967.

This action was commenced by Ruscon against Water Authority in May, 1969, to recover the amount of the interest the $180,000.00 had earned during the time payment was delayed. The $180,000.00 was paid and accepted with a stipulation that an action could be brought to settle the interest question.

The questions we decide on this appeal are whether Water Authority's tender conditioned upon a complete release was valid and whether the refusal of acceptance by Ruscon was justified.

The complaint alleges that payment of the final installment was delayed through no fault of Ruscon and alleges that it is due the interest earned by the investment during the delay. It prays judgment in the amount of $16,428.40 plus interest earned by the interest since September 1, 1967.

The answer of Water Authority denies that it is indebted to Ruscon for the earned interest. It alleges that it made to Ruscon a legal tender and that the legal tender was rejected by Ruscon, thereby relieving Water Authority of any liability for interest.

Ruscon replied to Water Authority's answer, denying that a legal tender was made and asserting that the tender was not legal because it was conditional. Ruscon alleges that W. J. McLamb and Son, one of its subcontractors on the project, brought an action in the federal court against Ruscon to settle a dispute relative to this construction project. Ruscon impleaded Water Authority as a third party defendant in that suit on the theory that if McLamb was successful, Ruscon could in turn seek indemnity from Water Authority. Ruscon further alleges that after Water Authority was impleaded a meeting was held between representative of Ruscon and representatives of Water Authority and that an agreement was reached whereby Ruscon would drop its third party action against Water Authority in the McLamb suit to enable Water Authority to sell its bonds. In return, Ruscon alleges that Water Authority agree that in the event McLamb should prevail in its suit against Ruscon, then Ruscon would have an action over and against Water Authority for indemnification. Ruscon further alleges that when Water Authority tendered payment, it was accompanied by a demand that Ruscon sign a full release to Water Authority of all claims and liability which Ruscon might have against

Water Authority. Therefore, alleges Ruscon, the tender was not valid since it required Ruscon to relinquish rights under both the original construction agreement and the subsequent agreement to dismiss Water Authority from the McLamb action.

Rucson subcontracted the project to W. J. McLamb and Son, who subsequently defaulted; a later subcontractor completed the project. After default, McLamb brought an action against Ruscon on the theory of impossibility of performing the contract prepared by Water Authority and its engineer, W. P. Barber. McLamb alleged that the contract was null and void.

When tender of the $180,000.00 was made, about August 1, 1965, the *McLamb v. Ruscon* case was still in litigation in federal court.

The construction contract entered into between Ruscon and Water Authority contemplated that Water Authority would receive a full release upon receipt of the final payment. Paragraph 26 of the contract reads as follows:

"Article 26, Acceptance of Final payment as Release.

'The acceptance by the contractor of final payment shall be and operate as a release to the owner of all claims and liability to the contractor for all things done or furnished in connection with this work and for every act and neglect of the owner and the others relating to or arising out of this work. No payment, however, final or otherwise shall operate to release the contractor or his sureties from any obligation under this contract or the performance and payment bond.' "

After Water Authority and W. P. Barber had been made parties to the federal action, Water Authority needed to, sell revenue bonds but could not do so as long as it was a third party defendant in the federal action. It was at this point that Ruscon agreed to a consent order dismissing Water Authority and W. P. Barber from the action. Thereafter the bonds were sold.

It is the contention of Ruscon that an agreement was made such that if McLamb prevailed in its action against Ruscon, Ruscon would have an action over against Water Authority and Barber. It is the contention of Water Authority that no such agreement was made and that Ruscon agreed to the dismissal of Water Authority and Barber in order that the bonds could be sold to raise money to pay Ruscon and others.

When Water Authority made its tender, it demanded a full and complete release consistent with paragraph 26 of the contract. Ruscon refused to give such a release and offered instead to give a similar release with an exception to the effect that if McLamb prevailed in its federal action, Ruscon would not be barred from seeking indemnification from Water Authority and Barber.

The lower court has left unanswered the factual question: was an agreement entered into between Ruscon and Water Authority whereby the right of Ruscon to sue Water Authority for indemnification was preserved? We think that the evidence is susceptible of the inference that such an agreement was made, but we do not think that the result of the case must hinge upon a factual determination of whether such agreement was entered into. It is sufficient that Ruscon belived it would have a bona fide claim for indemnification against Water Authority should McLamb prevail in its collateral action against Ruscon.

The release which Water Authority demanded for payment included relinquishment of a claim against itself not contemplated by paragraph 26 of the contract, and also included a release of W. P. Barber, the engineer. The claim which Ruscon sought to preserve grew out of a factual situation which arose long after the construction contract was made. Water Authority was not justified in demanding a release of the indemnification claim in exchange for final payment. Water Authority sought and received a benefit when it prevailed upon Ruscon to dismiss it from the federal

action. Ruscon gave up the right to keep Water Authority and Barber in the case.

It is a long recognized principle in our courts that a valid tender stops the running of interest. *Smith v. Stinson,* 1 Brev. 1 (1793); *Ryan v. Baldrick,* 3 McCord 498 (1826). Our courts have also recognized that a tender to be valid must be unconditional. "A tender could only be in money, in the proper amount due, and without conditions annexed to its acceptance." *Eastland v. Longshorn,* 1 Nott & McC. 194 (1818). "It is a general rule that a tender must be unconditional." *Smith v. Keels,* 15 Rich. 318 (1868). The Courts have not been so harsh as to disallow all demands made by one tendering payment. The better rule is that a condition reasonable in itself and which the debtor has a right to impose will not vitiate the tender. 52 Am. Jur. Tender § 24 (1944); 47 C. J. S. Interest § 52 (1946); 86 C. J. S. Tender § 32 (1954). In *Salinas v. Ellis,* 26 S. C. 337, 2 S. E. 121 (1887) the Court through Justice McGowan said:

"Nor can we see that there was anything conditional in the tender. If it is supposed that it was conditional . . . the answer is twofold.—that such condition was not proved, and if it had been, it would have been *legal, right, and proper,* and the plaintiffs could not excuse themselves . . ." (Emphasis added.)

In the later case of *Reynolds v. Price,* 88 S. C. 525, 71 S. E. 51 (1911) Justice Hydrick states that:

"To the extent that the views herein announced are inconsistent with the case of *Salinas v. Ellis,* that case is overruled."

Quoting again form Justice Hydrick:

"Therefore, if a mortgagee refuses a tender, not arbitrarily or for a wrongful purpose, but in good faith, under the honest belief, based upon reasonable grounds, that more is due him than has been tendered, refusal of the tender will

not operate to discharge his lien . . . The question, therefore, is not whether the plaintiff's claim to the renewal and attorney's fees can be sustained in law, but, rather, whether it was made in good faith."

In *Salinas,* the Court looked only at the condition and did not consider the reasons for the refusal of the tender. In *Reynolds,* the Court took into consideration both the condition of the tender and the reasons for refusing it. Therefore, we think that the *Reynolds* case is merely an extension of the *Salinas* case. Under the facts of the case, Ruscon did not refuse the tender arbitrarily or for a wrongful purpose, but did so in good faith based on the reasonable belief that it did not have to give up its right to seek indemnification against Water Authority should McLamb prevail in its collateral action. In the last analysis McLamb did not prevail and Ruscon thereafter signed the release.

Had Ruscon received the money when the tender was made, it would have had the use of the money; on the other hand, Water Authority kept the money and used it to earn interest. It is only equitable that the $16,428.40 plus any interest it may have earned since September 1, 1967, be paid to Ruscon and judgment shall be entered accordingly.

Reversed.

Moss, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., concurs in result.