22423

SENTRY ENGINEERING AND CONSTRUCTION, INC., Respondent, v. MARINER'S CAY DEVELOPMENT CORPORATION, Eastern Indemnity Company of Maryland, Jim Oswald, David Hartley, Tri-State Coatings, Inc., and Ben Peters Brick, Inc., Of Whom Mariner's Cay Development Corporation and Eastern Indemnity Company of Maryland are Appellants.

MARINER'S CAY DEVELOPMENT CORPORATION, Appellant, v. SENTRY ENGINEERING & CONSTRUCTION CO., INC.; Rightway Drywall; Jim Oswald, d/b/a Oswald Wholesale Lumber; Tri-State Coating, Inc.; Sandpiper Utilities, Inc.; O'Dea Construction; Lakewood Construction Co.; Laverne Locklair; David Holland; Miles Gantt & John Gray Construction Co.; Fiberglass Insulators; Atlas Electric Co.; James M. Babcock; American Equipment Company, Inc.; K & S Construction Company, Inc., Lawrence D. Kay; Landscaping & Design, Inc., d/b/a Garden Center, Inc.; Bill Mitchell; Ben Peters Brick, Inc.; Rhodes-Buck Building Supply, Inc.; Spartanburg Screens; McKinney Wholesale Plymart; Wickes Lumber; Wickes-Component Division; Charleston Lumber; C & S Door; McCoy Lumber; Interior Stairs; Miami-Carey-Fidelity; Pennco Windows; General Electric; Boro Wood Products; Hertz Rentals; Limehouse Crane Rentals; M & M Oil Co.; Renfrow Distributors Sani-Serva; Dorothy Clifton; O. L. Thompson Construction Company; Jennings Concrete Company; Mike Carroll; Henry Summers; Max Dupree; Carolina Carpets; Southeastern Liteweight Concrete Products; Good Earth Landscaping; Eden Roofing; Rast—T.V.; Boston Charleston; Sanders Brothers; Meeco Marina; Southeastern Marble; Delph Context; M & M Plumbing, Inc.; John Strickland; Swimming Pools of Spartanburg, Inc.; and Southern Fence Company, Inc., d/b/a Lowcountry Fence Company, Of Whom Sentry Engineering and Construction Co., Inc. is Respondent.

(338 S. E. (2d) 631)

Supreme Court

*Frank S. Potts* of *Lewis, Lewis, Bruce & Truslow*, Columbia, *for appellants.*

*Henry W. Brown* of *Quinn, Brown, Stanton & Boyle*, Columbia, *for respondent.*

Heard Sept. 23, 1985.

Decided Dec. 11, 1985.

CHANDLER, Justice:

This action arises out of a breach of contract for condominium construction.

We affirm.

Appellant-Developer (MCDC) and Respondent-Builder (Sentry) executed a "Standard Form of Agreement Between Owner and Contractor" (Base Agreement) providing for the cost of construction. Concurrently, the parties executed a separate document entitled "Agreement for Profit and Overhead" (Side Agreement) for additional compensation above construction cost.

As the project neared completion, Sentry became concerned about payment. It filed a mechanic's lien for balances due under both Agreements and for change orders, to which MCDC filed an appropriate bond with Appellant Eastern Indemnity Company of Maryland as surety. Sentry exercised its contractual right of arbitration, filing a claim with the American Arbitration Association (AAA) in the amount of its mechanic's lien. Simultaneously, Sentry filed a petition in Circuit Court to foreclose its lien.

The Circuit Court rejected MCDC's objection to arbitration and ordered arbitration of all claims arising out of the contract documents. Rights were reserved to the parties to seek statutory relief after the filing of the AAA decision. Sentry then amended its arbitration demand to include claims for damages based on wrongful termination. Sentry also petitioned the Circuit Court for an injunction permitting it access to the site to correct deficiencies in the roof.

The AAA found Sentry entitled to $503,271.00. Pursuant to Sentry's motions, the Circuit Court adopted the AAA award as a judgment, granted Sentry summary judgment on its mechanic's lien foreclosure petition, assessed interest and awarded Sentry a reasonable attorney's fee of $80,000.00. The total judgment was $622,425.00.

MCDC asserts error in (1) ordering arbitration of the Side Agreement, (2) confirmation of the AAA award as a mechanic's lien judgment, (3) assessment of interest and (4) the award of attorney's fees.

## ISSUES

MCDC contends that the Circuit Judge erred in holding:
(1) that the separate documents, one for construction costs and the other for profit, comprised a single unified agreement;
(2) that Sentry, by seeking Circuit Court relief, did not waive, but retained, its right to arbitration;
(3) that profit and overhead are components of "debt", as contemplated by the mechanic's lien statute, S. C. Code Ann. Sec. 29-5-10 (Supp. 1984);
(4) that the arbitration award was convertible into a mechanic's lien judgment;
(5) that Sentry was entitled to interest;
(6) that Sentry was entitled to attorney's fees.

## I. UNIFIED OR SEPARATE AGREEMENT?

The Base Agreement provided specifically for arbitration, to which the Side Agreement was silent. MCDC contends that the two documents constituted separate contracts, so that Sentry was entitled to arbitration of the Base Agreement dispute only. We disagree.

In *Klutts Resort Realty, v. Down 'Round Development Corp.*, 268 S. C. 80, 232 S. E. (2d) 20 (1977), this Court held

> The general rule is that, in the absence of anything indicating a contrary intention, where instruments are executed at the *same time*, by the *same parties*, for the *same purpose* and in the course of the *same transaction*, the courts will consider and construe the instruments together. The theory is that the instruments are effectively *one instrument* or contract. [Emphasis supplied.]

268 S. C. at 88, 232 S. E. (2d) at 24.

The Circuit Court found as a fact that the two documents comprised a single, integrated agreement. We agree.

This litigation involves a breach of contract and the enforcement of a statutory lien. Both are actions at law. *Moore v. Crowley & Associates, Inc.*, 254 S. C. 170, 174 S. E. (2d) 340 (1970) (breach of contract); *Raines v. Sanders*, 134 S. C. 284, 132 S. E. (2d) 581 (1926) (mechanic's lien). In a non-jury case the findings of fact will not be disturbed unless found to be without reasonable evidentiary support. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The Side Agreement, by reference, incorporates the Base Agreement and its general conditions. A modification is defined in the Base Agreement as a written amendment signed by both parties. The Side Agreement meets this definition. Thus, each incorporates the other. This reasonably supports the Circuit Judge's finding of a single, integrated contract subject to arbitration.

The two documents refer to different components of the contract's price term: payment for actual work and payment for profit. Under the *Klutts* test, the purpose of both is the same: *compensation for project construction.* The Circuit Court correctly ordered that Sentry's claims under both documents be decided by arbitration.

Additionally, S. C. Code Ann. Sections 15-48-130 (Supp. 1984) and 15-48-140 (Supp. 1984) provide the exclusive procedures for vacating or modifying awards where arbitrators exceed their powers or award upon a matter not properly submitted to them. MCDC filed no motion to vacate or modify within 90 days of delivery of a

copy of the award. Consequently, the award became the law of the case.

## II. WAIVER OF RIGHT TO ARBITRATE

MCDC asserts Sentry's acts in filing a petition for a prohibitory injunction allowing it to complete roof work are inconsistent with a right to arbitrate. It argues further that the prejudice resulting to it by Sentry's action constituted a waiver of arbitration. Sentry counters that the petition for injunction did not seek to litigate any issue raised by arbitration, but was simply an attempt to correct work complained of by MCDC.

Federal decisions require a showing of prejudice when waiver is asserted. *Carcich v. Rederi A/B Nordie*, 389 F. (2d) 692, 696 (2d Cir. 1968) holds that it is not inconsistency, but the presence or absence of prejudice which is determinative. In this context prejudice is undue burden on the objecting party, brought about by delay in the other party's making its demand for arbitration. *Batson Yarn and Fabrics Machinery Group, Inc. v. Saurer-Alma GmbH-Allgauer Maschinenbau*, 311 F. Supp. 68 (D.S.C. 1970); *Episcopal Housing Corp. v. Federal Ins. Co.*, 269 S. C. 631, 239 S. E. (2d) 647 (1977). MCDC shows no prejudice by delay, only the inconvenience of litigating the petition for injunction.

"[W]aiver may not be inferred from the fact that a party does not rely exclusively on the arbitration provisions of a contract, but attempts to meet all issues raised in litigation between it and another party to the agreement." *Germany v. River Terminal Ry. Co.*, 477 F. (2d) 546, 547 (6th Cir. 1973).

Sentry at all times sought to enforce its right to arbitrate under the contract; it is clear it had no intention to waive the right, and no waiver is shown.

## III. PROFIT AS A COMPONENT OF MECHANIC'S LIEN

In the arbitration procedure Sentry claimed the balance due for profit under the Side Agreement. The Circuit Court adopted the AAA award as a mechanic's lien judgment. MCDC asserts that profit and overhead are not proper components of a mechanic's lien. We disagree.

The parties by express contractual provisions fixed the compensation for full performance. Overhead and profit under the Side Agreement were components of the contract price.

S. C. Code Ann. Section 29-5-10 (Supp. 1984) provides,

> Any person to whom a *debt* is due for labor performed or furnished or for materials furnished and actually used ... by virtue of an *agreement* ... shall have a lien ... [Emphasis supplied].

In *Williamson v. Hotel Melrose,* 110 S. C. 1, 96 S. E. 407 (1918), this Court upheld a contractor's mechanic's lien for "oversight" and supervisory services. The general rule on whether overhead and profit are lienable is stated in 53 Am. Jur. 2d *Mechanic's Liens,* Section 107 (1970):

> Since the statutes provide a lien for labor performed and materials furnished, the question arises, particularly where a contractor works under a cost-plus contract, whether items which are not direct labor or material costs, such as overhead and profit, are lienable. Such items, as such and standing by themselves, are nonlienable, but they become lienable when they are included in a contract price or are reflected in the reasonable value of labor or materials furnished. Thus, the cost or value of labor for which a lien may be claimed is not necessarily confined to the actual wages paid by the employer to the employee actually performing the labor. It may also include costs and expenses of operation in addition to direct wages paid.

We hold that overhead and profit, when stated as part of the contract price, are proper components of a mechanic's lien.

## IV. CONVERSION OF ARBITRATION AWARD INTO MECHANIC'S LIEN

Sentry's amended demand for arbitration included a claim for "Payment of the balance due claimant under the contract documents plus *damages,* based on a *wrongful termination,* in the amount of $720,000.00." [Emphasis supplied.] The AAA found Sentry's termination to be

unwarranted. Its lump sum award is unallocated. The Circuit Court granted Sentry's motion for summary judgment to foreclose its mechanic's lien through this award.

MCDC correctly asserts that, under authority of *Sea Pines Co. v. Kiawah Island Co., Inc.*, 268 S. C. 153, 232 S. E. (2d) 501 (1977), the mechanic's lien statute may not be used as a vehicle for collecting damages for breach of contract. However, reliance upon *Sea Pines* here is misplaced.

Sentry's amended arbitration demand, admittedly, added a claim for damages "based on a wrongful termination." MCDC contends that this added claim, coupled with failure of the AAA award to allocate between such damages and money amounts collectible under the mechanic's lien statute, mandates a finding, as a matter of law, that the award included some amount for breach of contract damages. We disagree.

Unfortunately, the record is void of any AAA proceedings to indicate what evidence was there presented. We are left, as was the Circuit Court, to a review of the meager record before us in ruling upon MCDC's contention.

At the hearing for summary judgment, each party presented an affidavit relative to what claims were represented in the award. These two affidavits constitute the entire record before us on this issue.

MCDC's affidavit cites Sentry's amended demand for breach of contract damages but contains no statement that any amounts for such damages were ever submitted to AAA by Sentry.

Sentry's affidavit, on the other hand, directly addresses this issue. Paragraph three states that "All claims presented to the arbitration panel by Sentry in the proceeding represented by the award dated July 15, 1983, were claims for compensation *for work performed* on the Mariner's Cay Project." [Emphasis supplied.]

Paragraph four then sets out, specifically, the dollar amounts representing claims actually presented to the arbitration panel by Sentry. All amounts were for work performed, none for breach of contract.

In short, MCDC's affidavit is merely conclusory. In no way does it contradict the statements in Sentry's affidavit that the amounts claimed were for work performed only.

We hold that, on the evidence before it, the Circuit Court ruled correctly that no material fact was in issue and, accordingly, properly granted summary judgment.

## V. INTEREST

MCDC asserts that it was error to assess interest for the period after which it made a tender in the amount of the AAA award. Sentry counters that a dispute arose as to whether acceptance would require it to give up its claim for attorney's fees. No money was ever paid.

This Court held in *Ruscon Construction Company of Florida v. Beaufort-Jasper Water Authority*, 259 S. C. 314, 191 S. E. (2d) 715 (1972) that only tenders in money, in the proper amount due, and *without conditions annexed to their acceptance*, stop the running of interest. In *Ruscon*, the contractor believed in good faith that acceptance would compromise its claim for indemnification. Its good faith refusal did not preclude assessment of interest. Because Sentry's fear of compromised position was reasonable, its refusal was in good faith. Accrual of interest from the date of the AAA award to the date of judgment was proper.

## VI. ATTORNEY'S FEES

The Circuit Court granted Sentry's request for reasonable attorney's fees of $80,000.00 to foreclose its lien, allocating $70,000.00 for time spent in litigation before the arbitration panel and $10,000.00 for time spent in Circuit Court. MCDC contests the right to recover fees under the mechanic's lien statute regarding costs, S. C. Code Ann. Section 29-5-410 (1976), where liability is based on an arbitration proceeding.

Article 7.6.1 of the general provisions of the contract provides

> The duties and obligations imposed by the Contract Documents and the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law.

In a case with similar facts, the Court in *Harris v. Dyer*, 292 Or. 233, 637 P. (2d) 918 (1981), examined the right to

attorney's fees for time spent in arbitration and circuit court to foreclose a mechanic's lien under a contract provision identical to Article 7.6.1. The Court noted that one of the standard remedies that must have been contemplated in this provision is the security of a lien and eventual foreclosure, a procedure which gives the prevailing party a right to attorney's fees. The Court held the contract reserved the right to attorney's fees for time spent in arbitration as a component of a lien foreclosure proceeding, stating

> It does not seem the most likely reading of this reservation of rights that it meant to sacrifice attorney fees which the law allows when all phases of the foreclosure remedy are litigated in court. Rather, it seems more consonant with the apparent objective of including a reservation of rights to read art. 7.6.1 as disavowing such a limitation on the otherwise available right to attorney fees.

637 P. (2d) at 921.

A provision of the State Arbitration Act, S. C. Code Ann. Section 15-48-220 (Supp. 1984), provides that a party may proceed with arbitration and perfect concurrently its mechanic's lien rights. In this we perceive a legislative intent to promote arbitration of contract disputes. To deny fees where liability is arbitrated would discourage arbitration.

We agree with the reasoning in *Harris* and hold that where a contract providing for arbitration includes a reservation of rights and the lienor must bring a foreclosure action to enforce an arbitration award, an award of attorney's fees is proper under S. C. Code Ann. Section 29-5-410 (1976).

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.