2016

STANLEY SMITH & SONS, INC., Appellant v. I. Barton DUMAS, d/b/a I.B.'s and NCNB, South Carolina, Respondent.

(431 S.E. (2d) 595)

Court of Appeals

*William Frederick Austin* and *Richard Lee Whitt,* both of *The Austin Law Firm,* Columbia, *for appellant.*

*David B. Butler,* Lexington, *for respondent.*

Submitted Sept. 1, 1992; Filed Apr. 8, 1993.

Refiled May 13, 1993.

*Per Curiam:*

This action in circuit court to enforce an arbitration award by foreclosure of a mechanic's lien arises out of a construction contract dispute between Stanley Smith & Sons, Inc. (the contractor) and I. Barton Dumas d/b/a I.B.'s (the owner). Along with the enforcement of the arbitration award, the contractor sought attorney fees both for the arbitration and for the circuit court action. In an order of summary judgment, the trial judge confirmed the award and granted foreclosure of the mechanic's lien, but denied all attorney fees. The contractor appeals from the denial of attorney fees in the arbitration and in circuit court. We reverse and remand.

The contractor agreed to build a restaurant for the owner. Because of a payment dispute during construction, the contractor filed and sought foreclosure of a mechanic's lien. The contractor then moved to refer the case for arbitration in ac-

cordance with the terms of the parties' contract. In a consent order, the circuit court referred "the instant matter" to binding arbitration "under th terms and provisions of the contract between the parties."

In its complaint, the contractor asked for $28,782.39 plus interest and attorney fees. In his answer, the owner presented defenses and monetary counterclaims based on alleged breaches of contract and alleged unfair trade practices by the contractor. The arbitrator awarded the contractor $23,782.37, stating, "This award is in full settlement of all claims and counterclaims submitted to this arbitration."

When the owner did not pay the award, the contractor filed motions to confirm and enforce the award, grant foreclosure, and award attorney fees. The trial court granted enforcement and foreclosure but denied attorney fees in an order of summary judgment, ruling that the issue either was or should have been included in the arbitration award. The trial court did not explicitly rule on the claim for attorney fees in the enforcement proceeding, but the denial of all attorney fees is an implicit rejection of the contractor's claim.[1] The contractor appeals, asserting the court should have awarded attorney fees for the arbitration and for the circuit court proceeding.

In seeking attorney fees, the contractor relies on contract language that it refers to as a reservation of rights clause:

> 13.4 RIGHTS AND REMEDIES
>
> 13.4.1 Duties and obligations imposed by the contract documents and rights and remedies available thereunder shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law.

The contractor claims this language preserves its right to seek attorney fees in circuit court under the mechanic's lien statute, S.C. Code Ann. §§ 29-5-10 and 29-5-410 (1991).

Where a contract providing for arbitration includes a reservation of rights and the lienor must bring a foreclosure action to enforce an arbitration award, an award of attorney fees is proper under Code Section 29-5-410.

---

[1] *See State v. McLaughlin*, 307 S.C. 19, 413 S.E. (2d) 819 (1992) (admission into evidence of defendant's statement was an implicit ruling that defendant voluntarily waived his *Miranda* rights).

*Sentry Engineering and Construction, Inc. v. Mariner's Cay Development Corp.*, 287 S.C. 346, 338 S.E. (2d) 631 (1985).

The trial court found *Sentry* inapplicable because the arbitrator "should have or did consider attorney fees."

The parties agree the issue of attorney fees was not presented to the arbitrator. In holding the arbitrator "should have" considered attorney fees, the court found the consent order of arbitration included "all issues." This finding, however, is incorrect. The consent order directed arbitration "under the terms and conditions of the contract between the parties." There is nothing in the consent order to suggest that all issues between the parties were to go before the arbitrator. We find *Sentry* is applicable to this case.

In *Sentry*, the Court affirmed an attorney fee award that included fees both for the arbitration and for the following enforcement proceeding. *Sentry* dealt with the same reservation of rights clause as appears in this case. In *Sentry*, as in this case, the circuit court directed arbitration of matters arising out of the contract between the parties. In *Sentry*, as in this case, the award of the arbitrator was unallocated and there was no record of the arbitration hearing. Our examination of the appellate record in *Sentry* shows that the Supreme Court was presented with the question of whether attorney fees should be barred because they were not sought in the arbitration proceeding. The parties in this case agree attorney fees were not before the arbitrator. *Sentry* came to the Supreme Court in the same procedural posture as this case comes to us. In short, we see no meaningful distinction between *Sentry* and this case.

*Sentry* affirmed a circuit court award of attorney fees for the arbitration and for the circuit court proceeding. We find, therefore, that the contractor in this case properly sought attorney fees in the circuit court, both for the arbitration and for the enforcement of the award by foreclosure. Consequently we reverse and remand to the circuit court to consider the award of attorney fees.

Reversed and remanded.