## 2262

STIER, KENT & CANADY, INC., Respondent v.
Earl E. JACKSON, III, and Antonia P. Jackson, Appellants.

(452 S.E. (2d) 606)

Court of Appeals

*Trent M. Kernodle,* of *Holmes & Thomson,* Charleston, *for appellants.*

*W. Barnwell Vaughan,* of *Vaughan & Lawrence,* Charleston, *for respondent.*

Heard Nov. 1, 1994.

Decided Dec. 12, 1994; Reh. Den. Jan. 26, 1995.

GOOLSBY, Judge:

This appeal arises out of a house remodeling contract between Earl and Antonio Jackson and Stier, Kent & Canady, Inc. and SK & C's ensuing mechanic's lien foreclosure action submitted to arbitration by consent order pursuant to the contract. The issue on appeal concerns whether the trial court erred in adding attorney fees and costs to the arbitration award. We reverse.

SK & C and the Jacksons entered into a contract for SK & C to renovate and remodel the Jacksons' Charleston home. Upon the Jacksons' refusal to pay, SK & C filed a mechanic's lien for approximately $84,000 and commenced a foreclosure action. The Jackson answered and counterclaimed, demanding arbitration pursuant to the contract. SK & C then filed a demand for arbitration with the American Arbitration Association, seeking an award for the amount of the lien plus interest and costs, including attorney fees. SK & C also filed a motion to stay the mechanic's lien action pending arbitration, which the trial court granted by consent order. The consent order did not describe the issues submitted for arbitration.

SK & C made two claims before the arbitrator for recovery of its attorney fees, supported by an affidavit of fees. On November 7, 1992, the arbitrator found SK & C was entitled to a net recovery of approximately $66,000, and ordered the parties to divide equally the administrative fees and her compensation. She ordered this award was "in full settlement of all claims and counterclaims submitted to this arbitration." The order became final on December 7, 1992, when the arbitrator denied SK & C's request for clarification of the award. SK & C's request for clarification did not ask the arbitrator to specify whether the award included attorney fees.

The Jacksons did not immediately pay the arbitration award, and on December 18, 1992, SK & C filed a motion for

confirmation of the award, attorney fees under the mechanic's lien statute, and the right to sell the Jacksons' property to obtain payment.

On January 22, 1993, the Jacksons tendered to SK & C, without condition, the full amount of the arbitration award. SK & C refused this tender.

On February 22, 1993, the trial court confirmed the arbitration award. The trial court held the "applicable law" provisions in the contract warranted an award of attorney fees and costs under the mechanic's lien statute.[1] The trial court, in addition to attorney fees and costs, awarded SK & C (1) postarbitration interest, (2) judgment interest, and (3) the right to sell the property if the Jacksons did not pay within 30 days of the order.[2]

## I.

The Jacksons first argue the trial court erred in awarding SK & C attorney fees and costs incurred prior to and during the arbitration action. We agree.

In *Sentry Eng'g and Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 338 S.E. (2d) 631 (1985), the supreme

---

[1]The pertinent language of the contract provides:

15.8 All claims or disputes between SK & C and the Owner arising out of or related to the Contract Documents, or the breach thereof, shall be decided by arbitration. . . . The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof. . . . The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.
24.1 The Contract shall be governed by the law of the place where the Project is located.

The trial court found analogous the reservation of rights clause in the contract in *Sentry Eng'g and Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 354, 338 S.E. (2d) 631, 636 (1985), which the supreme court held was a valid reservation of rights. The pertinent language of the *Sentry* contract provided:

7.6.1. The duties and obligations imposed by the Contract Documents and the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law.

[2]The trial court's order added approximately $24,000 to the arbitration award.

court held a reservation of rights clause in the parties' contract allowed Sentry to seek attorney fees and costs in a mechanic's lien foreclosure proceeding, after arbitration, because the attorney fees and costs issue had not been presented to the arbitrator. *See also Stanley Smith & Sons, Inc. v. Dumas,* — S.C. —, 431 S.E. (2d) 595 (Ct. App. 1993) (Smith did not lose the right to seek attorney fees, pursuant to the mechanic's lien statute and the reservation of rights clause in the parties' contract, where the issue of attorney fees was not presented to the arbitrator).

Here, SK & C does not deny the issue of attorney fees and costs was presented to the arbitrator. Because the arbitrator heard evidence on this issue and subsequently entered a final and binding order, the trial court erred in adding an amount for costs and attorney fees to the arbitrator's award. *See Batten v. Howell,* 300 S.C. 545, 547, 549, 389 S.E. (2d) 170, 171-72 (Ct. App. 1990) ("[A]n arbitration award is conclusive and courts will refuse to review the merits of an award. . . . Arbitrators need not specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are barely colorable.") (citations omitted).

## II.

The Jacksons also argue the trial court erred in awarding SK & C attorney fees for enforcement of the arbitration award. Again, we agree.

After SK & C filed suit to enforce the arbitration award, the Jacksons tendered the full amount of the award to SK & C, without condition. SK & C refused to accept this tender and proceeded with the enforcement action.

Under South Carolina law, a tender of the full award amount due, without conditions annexed to acceptance, stops the accrual of interest. *Ruscon Constr. Co. of Florida v. Beaufort-Jasper Water Auth.,* 259 S.C. 314, 191 S.E. (2d) 715 (1972). Refusal of a valid tender, however, based on a good-faith belief that acceptance will compromise further claims will not preclude the assessment of interest. *Sentry,* 287 S.C. at 354, 338 S.E. (2d) at 635-36.

Here, unlike *Sentry*, it is manifest SK & C could not harbor the requisite good-faith belief that acceptance of the Jacksons' valid tender would foreclose its right to seek attorney fees and costs because the arbitrator had made a final and binding ruling on this issue.

### III.

We do not reach the issue of the trial court's award of interest on the arbitration award to the extent it does not involve interest on attorney fees and costs. The Jacksons do not challenge the trial court's interest award in their "Statement of Issues on Appeal." Under Rule 207(b)(1)(B), SCACR, "[o]rdinarily, no point will be considered which is not set forth in the statement of the issues on appeal."

Even if this court entertained the Jacksons' argument on the issue of interest, the only argument in their brief appears once in a footnote, with no citation of authority, and is thus so conclusory as to be an abandonment of this issue on appeal. *First Sav. Bank v. McLean*, — S.C. —, 444 S.E. (2d) 513 (1994).

Based on our decision regarding the issue of attorney fees and costs, we need not reach the Jacksons' remaining issues.

Reversed.

HOWELL, C.J., and SHAW, J., concur.