588 S.E.2d 639

**MAILSOURCE, LLC f/k/a Wild Geese, LLC, Respondent,**

v.

**M.A. BAILEY & ASSOCIATES, INC., Michael A. Bailey and Linda Bailey, Appellants.**

No. 3688.

Court of Appeals of South Carolina.

Heard Sept. 9, 2003.

Decided Nov. 3, 2003.

Douglas F. Gay, of Rock Hill, for Appellants.

Stephen M. Cox, of Rock Hill, for Respondent.

STILWELL, J.:

MailSource, LLC, purchased a direct mail processing business from M.A. Bailey & Associates, Inc. Michael and Linda Bailey are the shareholders of M.A. Bailey (collectively Bailey). The asset purchase agreement contained a provision allowing either party to demand arbitration of any dispute arising out of or relating to the agreement. Bailey appeals the trial court's denial of its motion to compel arbitration. We reverse.

## FACTS

Pursuant to the agreement, MailSource paid part of the purchase price at closing and executed a promissory note for the rest. As part of the transaction, Bailey also signed a consulting agreement containing a non-compete clause. The principal agreement required the parties to attempt in good faith to settle any disputes first through consultation and negotiation, and then by mediation. If those attempts failed, the agreement provided "either party may demand that the dispute be arbitrated...."

Bailey retained an affiliated business known as List Right, which provided mailing lists to customers. MailSource accused Bailey of conducting activities through List Right that violated the non-compete clause and also questioned certain financial information provided by Bailey prior to the sale. The parties exchanged letters regarding potential arbitration and the procedures that would govern the arbitration, but could not agree.

Bailey then filed an action against MailSource alleging nonpayment of the promissory note. The following day, MailSource filed this action against Bailey seeking damages and injunctive relief for alleged violations of the non-compete agreement, fraudulent inducement to enter into the contract, and unfair trade practices. Bailey moved to compel arbitration on this action. MailSource has made no motion to compel arbitration of Bailey's action on the promissory note.

In denying the motion to compel arbitration, the trial court found Bailey waived the right to arbitrate by failing to agree to proposals to arbitrate and by filing a lawsuit against MailSource. In a motion for reconsideration, Bailey argued MailSource had not proved it would be prejudiced by requiring arbitration. The trial court denied the motion, concluding that Bailey inappropriately raised an issue in its 59(e) motion that could have been initially presented.

## STANDARD OF REVIEW

█ In reviewing a circuit court's decision regarding a motion to stay an action pending arbitration, the determination of whether a party "waived its right to arbitrate is a legal conclusion subject to *de novo* review; nevertheless, the circuit judge's factual findings underlying that conclusion will not be overruled if there is any evidence reasonably supporting them." *Liberty Builders, Inc. v. Horton,* 336 S.C. 658, 664–65, 521 S.E.2d 749, 753 (Ct.App.1999).

## LAW/ANALYSIS

### I. Preservation Issue

█ MailSource contends whether it proved prejudice is not properly before this court as Bailey did not raise the issue until the motion for reconsideration. We disagree.

A party cannot raise an issue for the first time in a Rule 59(e), SCRCP motion which could have been raised at trial. *See, e.g., Commercial Credit Loans, Inc. v. Riddle,* 334 S.C. 176, 186, 512 S.E.2d 123, 129 (Ct.App.1999); *Patterson v. Reid,* 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct.App.1995). However, the trial court found that Bailey had waived its right to require arbitration by first resorting to the courts. The trial court did not, however, address the issue of prejudice to MailSource. Prejudice is a component that must be addressed in determining whether waiver of arbitration has taken place. In the motion for reconsideration, Bailey merely asked the court to apply the appropriate standard in making a finding of waiver. Under these circumstances, it is appropriate to request a court to review a ruling which the party contends fails to use the proper standard. Therefore, the issue is preserved

for review by this court. *See Anonymous (M–156–90) v. State Bd. of Med. Exam'rs,* 323 S.C. 260, 279–80, 473 S.E.2d 870, 880 (Ct.App.1996), *rev'd on other grounds,* 329 S.C. 371, 496 S.E.2d 17 (1998).

## II. Waiver—Prejudice

Bailey argues the trial court erred in finding it waived the right to demand arbitration of the MailSource action by filing a lawsuit. Bailey contends MailSource has failed to demonstrate any prejudice would result from compelling arbitration. We agree.

The right to enforce an arbitration clause may be waived. *Hyload, Inc. v. Pre–Engineered Prods., Inc.,* 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct.App.1992). " 'Waiver is the voluntary and intentional relinquishment of a known right.' " *Liberty Builders,* 336 S.C. at 665, 521 S.E.2d at 753.

In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration. Mere inconvenience to an opposing party is not sufficient to establish prejudice. There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case. Furthermore, it is the policy of this state to favor arbitration of disputes.

*Toler's Cove Homeowners Ass'n v. Trident Constr. Co.,* 355 S.C. 605, 586 S.E.2d 581 (2003) (citations omitted). In *Sentry Engineering & Construction, Inc. v. Mariner's Cay Development Corp.,* the supreme court stated, "it is not inconsistency, but the presence or absence of prejudice which is determinative. In this context prejudice is undue burden on the objecting party, brought about by delay in the other party's making its demand for arbitration." 287 S.C. 346, 351, 338 S.E.2d 631, 634 (1985) (citations omitted). " '[W]aiver may not be inferred from the fact that a party does not rely exclusively on the arbitration provisions of a contract, but attempts to meet all issues raised in litigation between it and another party to the agreement.' " *Id.* (quoting *Germany v. River Terminal Ry. Co.,* 477 F.2d 546, 547 (6th Cir.1973)). "Ordinarily, however, bringing a suit based on the contract instead of relying on the arbitration provision constitutes a waiver of the right to arbitrate." *Hyload, Inc.,* 308 S.C. at 280, 417 S.E.2d at 624.

"This is simply a particular instance of the general rule that acts inconsistent with the continued assertion of a right may constitute waiver." *Id.*

In *Sentry,* Mariner's Cay asserted Sentry's filing for an injunction was inconsistent with a right to arbitrate and that the resulting prejudice to it constituted waiver. *Sentry,* 287 S.C. at 351, 338 S.E.2d at 634. "Sentry counter[ed] that the petition for injunction did not seek to litigate any issue raised by arbitration, but was simply an attempt to correct work complained of by [Mariner's Cay]." *Id.* The court found "no prejudice by delay, only the inconvenience of litigating. . . ." *Id.* The court went on to find: "Sentry at all times sought to enforce its right to arbitrate under the contract; it is clear it had no intention to waive the right, and no waiver is shown." *Id.*

In *Hyload,* however, this court found waiver of the right to arbitrate. *Hyload, Inc.,* 308 S.C. at 280, 417 S.E.2d at 624. In *Hyload,* Pre–Engineered refused to pay Hyload's invoices after it lost a job to a competitor "and sued Hyload for breach of its exclusive distributorship agreement. In turn, Hyload cancelled the distributorship agreement for nonpayment of the invoices." *Id.* at 279, 417 S.E.2d at 624.

> In response to Pre Engineered's suit, Hyload demanded arbitration pursuant to the distributorship agreement. Pre Engineered agreed to arbitrate and voluntarily dismissed the court action. Pre Engineered then prepared and sent the arbitration documents to Hyload for its signature. Hyload never signed the documents. Instead, it commenced a claim and delivery action under the security agreement, recovering [materials and accounts receivable and then instituted an] action to recover the remaining balance . . . plus attorney's fees. Pre Engineered answered and reinstituted its original action for breach of the distributorship agreement as a counterclaim.

*Id.* at 279–280, 417 S.E.2d at 624. This court affirmed the trial court's conclusion that Hyload waived its right to arbitrate Pre Engineered's counterclaims due to its refusal to sign arbitration papers and then initiating its own suit. *Id.* at 280, 417 S.E.2d at 624.

In *Liberty Builders,* this court again found waiver of the right to arbitrate where the party pursued active litigation for two and a half years, sought the court's assistance on numerous occasions, and forced Horton to incur substantial costs and attorney's fees, waiting to demand arbitration until litigation was almost complete. *Liberty Builders,* 336 S.C. at 667–68, 521 S.E.2d at 754. Liberty Builders required Horton to answer the complaint and respond to discovery which would not have been necessary in arbitration. *Id.* at 665–66, 521 S.E.2d at 753. In *Liberty Builders,* the court focused on the amount of time and extensive use of the judicial system. Additionally, the court specifically noted the finding of prejudice by the trial court and agreed that Horton was severely prejudiced by Liberty Builders' actions. *Id.*

■ There is no finding of prejudice to MailSource in this case. All parties agree MailSource needs to show prejudice for waiver to exist. Bailey's actions do not rise to the level found in *Hyload* or *Liberty Builders.* Bailey never induced MailSource to voluntarily dismiss a lawsuit to pursue arbitration. Additionally, Bailey exercised the right to demand arbitration within twenty days of MailSource filing its lawsuit, before even filing an answer. There has been no substantial use of judicial system resources, nor extensive requirements placed on MailSource as in *Liberty Builders.* MailSource admitted in oral arguments that the only prejudice, given the time frame, was the two claims being considered separately.

A significant feature of this case not present in most arbitration cases is that the arbitration clause is not mandatory. It is instead elective. Either party may demand arbitration of a dispute but neither is required to do so. Indeed, MailSource acknowledged in oral argument that it can demand arbitration of the lawsuit on the note, but candidly admitted that it does not want to arbitrate either claim. The only prejudice shown, that of having claims arising from the same transaction resolved in different forums, is therefore easily remedied; to the extent it is not remedied, any prejudice is self-inflicted.

**REVERSED.**

HOWARD and KITTREDGE, JJ., concur.