THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
Charles Edward Deese, Jr., Appellant,
v.
Stephen Schmutz, Respondent.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2011-UP-439
Submitted October 1, 2011  Filed October
 11, 2011 

AFFIRMED

 
 
 
Charles E. Deese, Jr., pro se, for
 Appellant.
Davis W. Overstreet and Michael B. McCall,
 both of Charleston, for Respondent.
 
 
 

PER CURIAM: Charles
 Edward Deese, Jr., appeals the circuit court's order dismissing his legal
 malpractice action against Stephen Schmutz.  On appeal, Deese argues the
 circuit court erred in: (1) dismissing Deese's legal malpractice action against
 Schmutz and (2) failing to grant Deese recovery on the theory of quantum meruit
 for his excessive fee complaint.  We affirm.[1] 
 We
 find the circuit court properly dismissed Deese's legal malpractice action against
 Schmutz because Deese failed to submit an expert affidavit identifying Schmutz's
 alleged negligent acts.  See  S.C. Code Ann. § 15-36-100(B)[2] (Supp. 2010) (requiring a plaintiff alleging professional negligence against an
 attorney-at-law to submit an affidavit from an expert witness which must
 specify at least one negligent act or omission claimed to exist and the factual
 basis for each claim based on the available evidence at the time of the filing
 of the affidavit).  Deese never submitted an expert witness's affidavit
 identifying Schmutz's alleged negligent act or omission.  In fact, Deese had over
 four months from the time he received notice of the motion to dismiss based on
 these grounds to correct his error by submitting an affidavit from an expert
 witness.  Deese also acknowledged that he did not have an affidavit during the
 hearing. Because Deese failed to submit an expert witness's affidavit
 identifying Schmutz's alleged negligent act or omission, the circuit court did
 not err in dismissing the legal malpractice action for failure to comply with
 section 15-36-100(B).  
We decline to address whether the circuit court erred
 in failing to grant Deese relief on the theory of quantum meruit for his
 excessive fee claim because this issue was not preserved for our review. See Walterboro Cmty. Hosp. v. Meacher,  392 S.C. 479, 493, 709 S.E.2d 71, 78
 (Ct. App. 2011) (finding an issue must be raised to and ruled upon by the circuit
 court in order to be preserved for appellate review).  
 AFFIRMED.
HUFF,
 PIEPER, and LOCKEMY, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Deese argues this statute is inapplicable because his
 cause of action arose prior to the statute's effective date of July 1, 2005. 
 This issue is not preserved for our review because Deese's question regarding
 the effective date of the statute was not raised until Deese's second
 memorandum in support of his motion to alter or amend, which was filed after
 the circuit court had denied Deese's Rule 59(e), SCRCP motion.  See MailSource,
 LLC v. M.A. Bailey & Assocs., Inc.,  356 S.C. 370, 374, 588 S.E.2d
 639, 641 (Ct. App. 2003) ("A party cannot raise an issue for the
 first time in a Rule 59(e), SCRCP motion which could have been raised at trial.").