**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jeffrey D. Allen, individually, as guardian for Jane Doe, a minor, and as representative of other similarly situated State of South Carolina employees, Appellant,

v.

South Carolina Budget and Control Board Employee Insurance Program and Blue Cross and Blue Shield of South Carolina, Respondents.

Appellate Case No. 2011-183026

Appeal From Charleston County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2012-UP-433
Heard May 9, 2012 – Filed July 18, 2012

**AFFIRMED**

John A. Massalon, of Wills, Massalon & Allen, LLC, of Charleston, for Appellant.

Theodore DuBose Willard, Jr., of Montgomery Willard, LLC, of Columbia, for Respondent Blue Cross and Blue Shield of South Carolina; Kelly Hunter Rainsford, of

Columbia, for Respondent South Carolina Budget and Control Board Employee Insurance Program.

_____

**PER CURIAM:** Jeffrey Allen appeals the circuit court's grant of summary judgment in favor of the South Carolina Budget and Control Board Employee Insurance Program and Blue Cross and Blue Shield of South Carolina. He argues the circuit court erred in finding he was required to exhaust his administrative remedies before pursuing a claim in circuit court. He also contends the circuit court erred in not staying the circuit court litigation pending the resolution of the matter in the Administrative Law Court. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

As to the issue of staying the circuit court proceedings: *Tallent v. S.C. Dep't of Transp.*, 363 S.C. 160, 165, 609 S.E.2d 544, 546 (Ct. App. 2005) ("A party cannot use a motion to reconsider, alter[,] or amend a judgment to present an issue that could have been raised prior to the judgment but was not."), *rev'd sub nom. on other grounds, Hardin v. S.C. Dep't of Transp.*, 371 S.C. 598, 641 S.E.2d 437 (2007); *MailSource, LLC v. M.A. Bailey & Assocs., Inc.*, 356 S.C. 370, 374, 588 S.E.2d 639, 641 (Ct. App. 2003) ("A party cannot raise an issue for the first time in a Rule 59(e), SCRCP motion which could have been raised at trial.").

As to whether the circuit court erred in requiring Allen to exhaust his administrative remedies: *Smith v. S.C. Ret. Sys.*, 336 S.C. 505, 523, 520 S.E.2d 339, 349 (Ct. App. 1999) ("The question of whether exhaustion of administrative remedies is required is a matter within the sound discretion of the trial court that will not be disturbed on appeal absent an abuse of that discretion."); *id.* ("An abuse of discretion occurs where the trial court is controlled by an error of law or where the [c]ourt's order is based on factual conclusions without evidentiary support."); *id.* at 527, 520 S.E.2d at 351 ("[A] court ordinarily will refuse to grant a declaratory judgment where a special statutory remedy has been provided."); *id.* ("'Gratuitous interference' in the administrative process should be avoided." (quoting *Williams Furniture Corp. v. S. Coatings & Chem. Co.*, 216 S.C. 1, 7-8, 56 S.E.2d 576, 579 (1949))); S.C. Code Ann. § 1-11-710(C) (2005) (stating "claims for benefits under any self-insured plan of insurance offered by the State to state and public school district employees and other eligible individuals must be resolved by procedures established by the board, which shall constitute the exclusive remedy for these claims . . .").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**