**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

SCBT, N.A., Respondent,

v.

Sand Dollar 31, LLC, and Rhonda Meisner, Defendants,

Of Whom Rhonda Meisner is the Appellant.

Appellate Case No. 2012-213558

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2014-UP-435
Submitted September 1, 2014 – Filed December 3, 2014

**AFFIRMED IN PART AND REMANDED IN PART**

Rhonda Meisner, of Blythewood, pro se.

Jason David Wyman and Teri Kimball-Callen Stomski, both of Rogers Townsend & Thomas, PC, of Columbia, for Respondent.

**PER CURIAM:** Rhonda Meisner appeals the master-in-equity's two judgments of foreclosure and denial of her motion to alter or amend the judgment. On appeal, Meisner argues (1) the master erred in awarding attorney's fees; (2) South Carolina

Bank and Trust, N.A. (the Bank) was estopped from valuing the properties less than the amount stated in the Bank's motion to vacate the judicial sale; (3) the master erred in allowing the judgments of foreclosure to be entered before the judicial sale; and (4) the master erred in denying her motion to alter or amend.

At the foreclosure hearing, an employee of the Bank testified to the amount of attorney's fees Meisner, through her personal guaranties, owed on the defaulted loans. According to the employee, Meisner owed $6,263 in attorney's fees on one note; however, the employee did not testify to the amount of attorney's fees Meisner owed on the other note. Significantly, the Bank did not introduce into evidence affidavits of attorney's fees.

Subsequently, the master issued orders of foreclosure on both properties and personal judgments against Meisner based on the guaranty agreements. The orders required Meisner to pay $8,000 in attorney's fees on one note and $6,000 in attorney's fees on the other. In the orders, the master found the attorney's fees were reasonable; however, there is no evidence in the record that the Bank ever filed affidavits of attorney's fees or that the master ever reviewed affidavits of attorney's fees in reaching its conclusions.

We find the master abused its discretion in determining the Bank's attorney's fees were reasonable without first reviewing affidavits of attorney's fees. *See U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 379-80, 684 S.E.2d 199, 207 (Ct. App. 2009) ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial [court] and will not be disturbed unless an abuse of discretion is shown." (internal quotation marks and citation omitted)); *Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) (providing six factors the master should consider when determining a reasonable attorney's fee). Accordingly, we remand this case so the master can award reasonable attorney's fees.

As to Meisner's remaining issues on appeal, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Bank is estopped from valuing the properties less than the amount stated in its motion to vacate: *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("In order for an issue to be preserved for appellate review, . . . it must be raised and ruled upon by the trial [court].").

2. As to whether the master erred in allowing the judgment of foreclosure to be entered prior to the judicial sale: S.C. Code Ann. § 29-3-650 (2007) ("The court

may . . . render judgment against the parties liable for the payment of the debt secured by the mortgage and direct at the same time the sale of the mortgaged premises."); *id.* ("Upon the sale of the mortgaged premises the officer making the sale under the order of the court shall credit upon the judgment so rendered for the debt the amount paid to the plaintiff from the proceeds of the sale."); *Fed. Land Bank of Columbia v. Davant*, 292 S.C. 172, 178, 355 S.E.2d 293, 296 (Ct. App. 1987) (explaining section 29-3-650 "authorizes the court to render judgment against the parties liable for payment of the debts secured by a mortgage and direct at the same time the sale of the mortgaged premises" (internal citations omitted)).

3. Except as to attorney's fees, the master did not err in denying the Rule 59(e), SCRCP, motion to alter or amend:  *Bank of N.Y. v. Sumter Cnty.*, 387 S.C. 147, 159, 691 S.E.2d 473, 479 (2010) ("It is axiomatic that an issue cannot be raised for the first time in a post-trial motion."); *MailSource, LLC v. M.A. Bailey & Assocs.*, 356 S.C. 370, 374, 588 S.E.2d 639, 641 (Ct. App. 2003) ("A party cannot raise an issue for the first time in a Rule 59(e), SCRCP[,] motion which could have been raised at trial.").

**AFFIRMED IN PART AND REMANDED IN PART.**[1]

**HUFF and SHORT, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.