**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Elizabeth Earley, John Earley, Lloyd Wilkins, Henry Kerns, Margie Mills Kerns, Donna Pearson, and Bruce Pearson, Appellants,

v.

The City of Woodruff and the Terraces at Woodruff, a South Carolina Limited Liability Company, Respondents.

Appellate Case No. 2017-002095

―――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2019-UP-421
Heard November 6, 2019 – Filed December 31, 2019

―――――――――

**AFFIRMED**

―――――――――

Nathan A. Earle, of Nathan A. Earle, Attorney at Law, of Greer, for Appellants.

Danny Calvert Crowe, of Crowe LaFave, LLC, of Columbia, and Terry F. Clark, of Woodruff, for Respondent The City of Woodruff; Michael Andrew Graham, of D'Alberto & Graham, LLC, of Columbia, for Respondent the Terraces at Woodruff.

―――――――――

**PER CURIAM:**  The appellants are homeowners in a neighborhood near a parcel of land rezoned by the City of Woodruff (the City) for the development of duplex housing by The Terraces at Woodruff (the Terraces).  The appellants (Homeowners) appeal the circuit court's order dismissing their suit against the City and the Terraces.  We affirm.

1.  We construe Homeowners' allegations the 2005 official Woodruff Zoning Map is illegitimate as seeking a determination the 2005 zoning changes are invalid.  Section 6-29-760(D) of the South Carolina Code (2004) time bars such a determination.  *See Mishoe v. Atl. Coast Line R. Co.*, 186 S.C. 402, 412, 197 S.E. 97, 101-02 (1938) (noting "[t]his court looks to the substance and not to the shadows" when evaluating issues raised to it); S.C. Code Ann. § 6-29-760(D) ("No challenge to the adequacy of notice or challenge to the validity of a regulation or map, or amendment to it, whether enacted before or after the effective date of this section, may be made sixty days after the decision of the governing body if there has been substantial compliance with the notice requirements of this section or with established procedures of the governing authority or the planning commission.").  Homeowners suggest the City failed to properly maintain its records, but do not allege the City failed to substantially comply with the procedures for amending the map in 2005.

2.  The circuit court found the City substantially complied with the notice and hearing procedures in section 6-29-760(A) in 2016, and its ruling is the law of the case as the issue is abandoned on appeal based on vague argument unsupported by authority.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *see also Cannon v. Cannon*, 321 S.C. 44, 54, 467 S.E.2d 132, 138 (Ct. App. 1996) (concluding an issue not argued in brief is deemed abandoned on appeal); *Stier, Kent & Canady, Inc. v. Jackson*, 317 S.C. 179, 183, 452 S.E.2d 606, 609 (Ct. App. 1994) (concluding when only argument in appellants' brief regarding issue appeared once in footnote and no authority was cited, argument was so conclusory as to be deemed abandoned).

3.  Homeowners' allegations the property at issue was subject to illegal spot zoning are moot.  *See Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.  This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief.").  At oral argument the parties acknowledged the Terraces has fully developed the property

at issue in the case.  Consequently, this court's "enjoining the implementation of the zoning change," as requested by Homeowners in their complaint, cannot provide the relief sought—the cessation of the construction of the duplexes on the property.  *See Christ Church Cent. Ministries v. City of Columbia Bd. of Zoning Appeals*, 424 S.C. 358, 361, 818 S.E.2d 30, 31 (Ct. App. 2018) (holding when city issued permit allowing erection of electronic sign and did not request stay of circuit court's order on appeal and sign was erected at significant costs and involvement of a third party, any grant of effectual relief to city regarding propriety of issuing permit was moot).

4.  We decline to address Homeowners' arguments as to standing because the prior determination of the issues is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate court need not address remaining issues when determination of prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**