518 S.E.2d 48

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, and McKendree Long, III, Respondents–Appellants,

v.

Janelle HAVIRD, Appellant–Respondent.

No. 2992.

Court of Appeals of South Carolina.

Heard April 14, 1999.

Decided May 10, 1999.

Rehearing Denied June 26, 1999.

Mitchell Willoughby and Robin M. Johnson, both of Willoughby & Hoefer, of Columbia, for appellant/respondent.

Nina Nelson Smith, of Nelson, Mullins, Riley & Scarborough, of Columbia; and Francis S. Chlapowski, of Brobeck, Phleger & Harrison, of New York, NY, for respondents/appellants.

GOOLSBY, Judge:

Merrill Lynch, Pierce, Fenner & Smith Incorporated, and McKendree Long, III (collectively Merrill Lynch) commenced this declaratory judgment action against Janelle Havird seeking to enjoin arbitration proceedings instituted by Havird. The trial court granted partial summary judgment to Merrill Lynch declaring certain claims were ineligible for arbitration. The trial court also dismissed the surviving claims to arbitration. Merrill Lynch and Havird appeal. We reverse and remand.

## FACTS

In 1981, Havird opened an individual securities account with Merrill Lynch. Long serviced Havird's account. According to Havird, she specifically informed Merrill Lynch that she needed and desired to preserve the principal in her accounts, that her most important priority was security, and that her investment principal must remain safe. Havird emphasized that she wanted to preserve the principal because it was her primary source of retirement funds. Nevertheless, Long invested a large portion of Havird's principal in limited partnerships which Havird alleges were speculative, high risk, and low quality. When Havird questioned Long about a decrease in the value of the limited partnerships, Long "repeatedly and continually reassured me that the investments were both fine and suitable, that these investments were 'the perfect thing for me,' that I was not to worry, that 'we're expecting it to go back up' in value, and that he continued to act in my best interest."

In September, 1993, an out-of-state law firm contacted Havird about a potential problem with one of the limited

partnerships. After investigating the information she received, Havird made a demand for arbitration with the American Arbitration Association (AAA) on September 30, 1993, alleging stockbroker fraud. Merrill Lynch notified Havird that it did not agree to arbitrate before the AAA.

In March, 1994, Havird arranged for her AAA claim to be transferred to the National Association of Securities Dealers (NASD). She alleged that Long "invested a large portion of the principal of [her] accounts in very speculative, high risk, low quality investments, including limited partnerships." She claimed the value of her accounts had decreased substantially because of these poor investments.

On September 12, 1994, Merrill Lynch commenced this action seeking a declaration that Havird's claims were ineligible for arbitration because her claims arose more than 6 years prior to her arbitration claim. Section 15 of the NASD Code of Arbitration Procedure provides:

No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Havird answered the action brought by Merrill Lynch, denying her claims were ineligible for arbitration and pleading counterclaims asserting Merrill Lynch violated a fiduciary duty and a continuing duty to assure Havird's investments met her needs. On February 28, 1996, Merrill Lynch filed a motion for summary judgment. The motion included a request to dismiss Havird's counterclaims because Havird agreed to arbitrate them.

The trial court granted Merrill Lynch's summary judgment motion as to claims arising prior to March 4, 1988, six years before Havird filed her demand for arbitration with the NASD. The trial court dismissed the remaining claims to arbitration. Merrill Lynch and Havird both appeal.

## I.

■ Havird contends the trial court erred in deciding on the eligibility of her claims for arbitration. According to Havird, that determination was for the arbitrator. We agree.

■ The United States Supreme Court recently discussed who should determine arbitrability of claims in *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The *Kaplan* Court stated that the arbitration agreement determines whether an arbitrator or a court decides on the arbitrability of a claim. *Id.* at 943, 115 S.Ct. 1920. The determination of arbitrability is for the arbitrator only if the contract, when viewed in light of the ordinary state rules of contract construction, clearly evinces an intent for the arbitrator to make the decision. *Id.* If no such intent can reasonably be gleaned from the arbitration agreement, then the court decides the issue of arbitrability under established legal principles. *Id.* As the court stated it:

> [T]he basic objective in this area is not to resolve disputes in the quickest manner possible, no matter what the parties' wishes, . . . but to ensure that commercial arbitration agreements, like other contracts, " 'are enforced according to their terms.' "

*Id.* at 947, 115 S.Ct. 1920 (citations omitted).

■ The intent of the parties is to be determined solely from the language of a contract, if that language is clear and unambiguous. *Wood v. Maggie's Tavern, Inc.*, 257 A.D.2d 733, 683 N.Y.S.2d 353 (1999).[1] A court should give the terms of an unambiguous contract their plain, ordinary, and popular meaning. *Id.* at 355.

---

1. It is undisputed that the transactions involved here involve interstate commerce. As such, federal arbitration law applies. *Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 333 S.E.2d 781 (1985), *cert. denied*, 474 U.S. 1060, 106 S.Ct. 803, 88 L.Ed.2d 779 (1986). There is no general federal contract law, however, so state law applies to contract construction. *Perry v. Thomas*, 482 U.S. 483, 493 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). The trial court concluded that New York law applies to the agreement here. This conclusion was not contested on appeal, so it stands as the law of the case. *See Lindsay v. Lindsay*, 328 S.C. 329, 491 S.E.2d 583 (Ct.App.1997), *cert. denied* (June 18, 1998) (unchallenged ruling is the law of the case).

In the present case, the agreement to arbitrate states: "It is agreed that any controversy between us ... shall be submitted to arbitration...." The parties further agreed that any arbitration proceeding should be "conducted ... pursuant to the Code of Arbitration Procedure of the [NASD]." Section 35 of the NASD Code (now Rule 10324 of the Code) provides:

> The arbitrators shall be empowered to interpret and determine the *applicability* of all provisions under this Code and to take appropriate action to obtain compliance with any rulings by the arbitrator(s). Such interpretations and actions to obtain compliance shall be final and binding upon the parties.

National Association of Securities Dealers, Inc., Code of Arbitration Procedure, NASD Manual & Notices to Members ¶ 10324 (1998) (emphasis added). The arbitration agreement in question clearly and unambiguously prescribes that the arbitrator is to decide the applicability of the provisions of the NASD Code. We hold this includes the six-year arbitrability limit contained in Section 15. The trial court therefore erred to the extent it addressed any issues of arbitrability. *Conroy v. Merrill Lynch,* 899 F.Supp. 1471, 1476 (W.D.N.C.1995); *Smith Barney Shearson v. Sacharow,* 91 N.Y.2d 39, 666 N.Y.S.2d 990, 689 N.E.2d 884, 888 (1997); *Smith Barney, Inc. v. Bardolph,* 509 S.E.2d 255, 259 (N.C.App.1998).

## II.

Because we have determined the parties agreed the issue of arbitrability of claims was for the arbitrator to decide, we need not address the other issues raised by the parties. We therefore reverse the grant of summary judgment and remand to the trial court for entry of an order dismissing all claims to arbitration.

**REVERSED AND REMANDED.**

CONNOR and HEARN, JJ., concur.