540 S.E.2d 864

**TRITECH ELECTRIC, INC., Respondent,**

v.

**FRANK M. HALL & COMPANY, The American Insurance Company, and Fireman's Fund Insurance Company, Appellants.**

**No. 3261.**

Court of Appeals of South Carolina.

Heard Sept. 11, 2000.

Decided Nov. 20, 2000.

Rehearing Denied Jan. 29, 2001.

---

Vincent A. Sheheen and Moultrie B. Burns, Jr., both of Savage, Royall & Sheheen, of Camden, for appellants.

Wheeler M. Tillman, of The Tillman Law Firm, of N. Charleston, for respondent.

PER CURIAM:

In this contract dispute, Frank M. Hall and Company ("Hall & Co.") appeals from the trial court's refusal to dismiss the

instant action and compel Tritech Electric, Inc. ("Tritech") to arbitrate their dispute pursuant to the parties' contractual agreement. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Hall & Co. is a general contractor domiciled in Atlanta, Georgia. Tritech is an electrical subcontractor from Summerville, South Carolina. On June 24, 1996, the parties executed two separate agreements whereby Tritech would install wiring in two Hall & Co. projects: a Comfort Suites Hotel in Peachtree City, Georgia and a Food Lion grocery store in Winston–Salem, North Carolina. Several months later, on September 10, 1996, the parties executed a third contract for Tritech to perform all the electrical work on another Food Lion which Hall & Co. was building in Bishopville, South Carolina. All three contracts contained the following provision regarding disputes:

b. Where the Subcontractor's work or entitlement to payment is not an issue between the Contractor and Owner, all claims and disputes shall be decided by arbitration conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under prevailing arbitration laws. The parties hereto agree that such Arbitration shall take place int he [sic] City and State of Contractor's domicile as set forth in the Subcontract in accordance with the laws of the state. [T]he award rendered by the arbitrator(s) shall be final, and judgement [sic] may be entered upon it in accordance with the applicable law in any court having jurisdiction thereon.

After completing both Food Lion projects, Tritech sued Hall & Co. on or about August 19, 1997 for breach of contract and foreclosure of a mechanic's lien. Tritech alleged that Hall & Co. had failed to make monthly and final payments as required by the applicable contracts. On or about March 23, 1998, Tritech amended its complaint to include Hall & Co.'s construction surety, Fireman's Fund Insurance Company, and Fireman's parent corporation, The American Insurance Company. In its amended answer, Hall & Co., Fireman's Fund,

and American (collectively referred to as "Hall") argued the issues underlying Tritech's suit were subject to arbitration and thus not ripe for litigation. Thereafter, Hall filed a motion to dismiss the suit and compel arbitration because the Federal Arbitration Act (FAA) preempted state law and several other grounds.[1]

The trial court heard Hall's motion on January 20, 1999, and denied it by order dated April 6, 1999. Hall subsequently filed a motion to reconsider which the court also denied. This appeal followed.

## LAW/ANALYSIS

Hall argues the trial court erred by failing to dismiss Tritech's action and compel arbitration according to the arbitration provisions of the applicable contracts. We agree.

■■■■ "The policy of the United States and this State is to favor arbitration of disputes." *Heffner v. Destiny, Inc.,* 321 S.C. 536, 537, 471 S.E.2d 135, 136 (1995). The requirement to arbitrate does not arise spontaneously, but must be contractually agreed to by the parties involved. *Towles v. United Healthcare Corp.,* 338 S.C. 29, 524 S.E.2d 839 (Ct.App.1999); *General Drivers, Local Union No. 509 v. Ethyl Corp.,* 68 F.3d 80 (4th Cir.1995). The existence of such a contract is a question of law. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Havird,* 335 S.C. 642, 518 S.E.2d 48 (1999); *Johnson v. Circuit City Stores, Inc.* 148 F.3d 373 (4th Cir.1998), *cert. denied,* 530 U.S. 1276, 120 S.Ct. 2744, 147 L.Ed.2d 1008 (2000). A motion to compel arbitration made pursuant to an arbitration clause in a written contract should only be denied where the clause is not susceptible to any interpretation which would cover the asserted dispute. *Towles,* 338 S.C. 29, 524 S.E.2d 839; *Zandford v. Prudential–Bache Sec.,* 112 F.3d 723 (4th

---

1. The motion to dismiss is not in the record; however, its existence and contents may be inferred from other documents in the record, namely the Memorandum in Support of Defendant's Motion to Dismiss and the trial court's reference to the motion in its April 6, 1999 order. The inference is also borne out by the representations of counsel for both parties at oral argument. *See State v. Southern Farm Bureau Life Ins. Co.,* 265 S.C. 402, 219 S.E.2d 80 (1975) (recognizing an issue on appeal which its proponent claimed to have raised orally below and was addressed in the trial court's order).

Cir.1997); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense. . . .").

Although the trial court acknowledged that the applicable contracts provided for arbitration of the instant dispute, the court refused to compel arbitration because it found the arbitration provisions to be violative of S.C.Code Ann. § 15–7–120 (Supp.1994) which provides in pertinent part that "[a] provision in an arbitration agreement that arbitration proceedings must be held outside this State is not enforceable. . . ."

The trial court erred by applying § 15–7–120 to the arbitration clauses *sub judice* because state law is preempted by the Federal Arbitration Act (FAA) under the circumstances presented by this action. Where a contract evidencing interstate commerce contains an arbitration clause, the FAA preempts conflicting state arbitration law.[2] *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); *Volt Info. Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *Moses H. Cone*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765; *Osteen v. T.E. Cuttino Constr. Co.*, 315 S.C. 422, 434 S.E.2d 281 (1993); *Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 333 S.E.2d 781 (1985). This prohibition specifically prevents state courts from requiring a judicial resolution of a conflict which the parties agreed to arbitrate. *Osteen*, 315 S.C. 422, 434 S.E.2d 281. Accordingly, the trial court erred by refusing to dismiss the state contract action and compel arbitration.

For the aforementioned reasons, the trial court erred by failing to grant Hall's motion to dismiss and compel arbitra-

---

**2.** The contracts *sub judice* involve interstate commerce. *See Am. Home Assurance Co. v. Vecco Concrete Constr. Corp.*, 629 F.2d 961 (4th Cir. 1980) (holding that a written contract between a Delaware contractor, a Virginia subcontractor, and a New York surety to construct a portion of a wastewater treatment plant in Virginia evidenced a transaction involving interstate commerce as envisioned by the FAA).

tion according to the arbitration provisions of the applicable contracts. We therefore reverse and remand the proceeding for entry of such an order.

**REVERSED AND REMANDED.**

CURETON, GOOLSBY and STILWELL, JJ., concur.