544 S.E.2d 643

**GENERAL EQUIPMENT & SUPPLY COMPANY, INC., Respondent,**

v.

**KELLER RIGGING & CONSTRUCTION, SC, INC., and Fidelity and Deposit Company of Maryland, Appellants.**

No. 3322.

Court of Appeals of South Carolina.

Submitted Feb. 5, 2001.

Decided March 19, 2001.

554

Jeffrey R. Moorehead, of Aiken, for appellants.

Lydia A. Eloff, of Robinson, McFadden & Moore, of Columbia, for respondent.

HOWARD, Judge:

Keller Rigging & Construction ("Keller") and Fidelity and Deposit Company of Maryland ("Fidelity") appeal the Master-in-Equity's denial of their motion to compel arbitration. We reverse.

## FACTS

On August 25, 1999, General Equipment & Supply Company, Inc. ("General Equipment") brought this mechanic's lien foreclosure action against Keller and Bridgestone Firestone, Inc. ("Bridgestone"). General Equipment alleged Keller failed to pay for the lease of certain rental equipment ·and supplies and sought judgment in the amount of the unpaid lease.

On September 30, 1999, Keller and Bridgestone filed an answer denying General Equipment's allegations. Keller also filed a Bond and Release of Mechanic's lien at the Aiken County RMC. On November 12, 1999, the parties entered into a Consent Order substituting a bonding company, Fidelity, for defendant Bridgestone.

On January 11, 2000, the parties entered into a Consent Order of Reference referring this case to a Master-in-Equity. Following this Order of Reference, both sides produced and answered standard interrogatories and requests for production.

On March 31, 2000, two weeks prior to the scheduled trial, Keller and Fidelity filed a notice of motion and motion to compel arbitration.[1] On April 12, 2000, the Master-in-Equity

---

1. General Equipment does not dispute that its agreement with Keller contains a valid arbitration clause that comports with the requirements of S.C.Code section 15–49–10(a).

heard Keller and Fidelity's motion and issued an order denying the motion. This appeal follows.

## DISCUSSION

■ Keller and Fidelity argue the Master erred in denying their motion to compel arbitration. Keller and Fidelity assert that they did not waive their right to arbitration and that General Equipment would not have been prejudiced by an enforcement of the Arbitration Clause. We agree.

■ It is generally held that the right to enforce an arbitration clause may be waived. *Hyload, Inc. v. Pre-Engineered Prods., Inc.*, 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct.App.1992). In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration. *Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 351, 338 S.E.2d 631, 634 (1985). "There is no set rule as to what constitutes a waiver of the right to 'arbitrate; the question depends on the facts of each case." *Hyload, Inc.*, 308 S.C. at 280, 417 S.E.2d at 624. Furthermore, it is the policy of this state to favor arbitration of disputes. *Heffner v. Destiny, Inc.*, 321 S.C. 536, 537, 471 S.E.2d 135, 136 (1995).

■ In reviewing a circuit court's decision regarding a motion to stay an action pending arbitration, the determination of whether a party "waived its right to arbitrate is a legal conclusion subject to de novo review." *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 664, 521 S.E.2d 749, 753 (Ct.App. 1999). However, the circuit court's "factual findings underlying that conclusion will not be overruled if there is any evidence reasonably supporting them." *Id.* at 665, 521 S.E.2d at 753.

■ The party seeking to establish waiver has the burden of showing prejudice through an undue burden caused by a delay in the demand for arbitration. *Sentry Eng'g & Constr.*, 287 S.C. at 351, 338 S.E.2d at 634. General Equipment argues there was sufficient evidence which reasonably supported the Master's finding that General Equipment would be unduly burdened if the Arbitration Clause was enforced. The

record, however, contains no evidence which demonstrates prejudice to General Equipment.

In denying Keller's motion, the Master relied on *Liberty Builders*, and the fact that Keller consented to the referral of the case to the Master–in–Equity eighty days prior to filing its motion to compel arbitration. Despite Keller's consent to the referral, the burden of showing prejudice from Keller's delay in demanding arbitration remains with General Equipment. *Id.* Mere inconvenience is not sufficient to establish prejudice. *See id.*

The present case is distinguishable from the case relied on by the Master. In *Liberty Builders v. Horton*, Liberty, the party seeking arbitration pursued active litigation against the Hortons for two and one-half years and availed itself of the circuit court's assistance on forty separate occasions. The court held that "Liberty waived its right to enforce the arbitration clause by submitting the dispute to the court and availing itself of that system for two and one-half years." *Liberty Builders*, 336 S.C. at 668, 521 S.E.2d at 754. The court further found that Liberty's delay in requesting arbitration prejudiced the Hortons by subjecting them to lengthy litigation and extensive attorney fees. *Id.* at 666, 521 S.E.2d at 753.

In the present case, the parties were involved in litigation for less than eight months. The litigation consisted of routine administrative matters and limited discovery which did not involve the taking of depositions or extensive interrogatories. Prior to the filing of the motion to compel arbitration, the parties availed themselves of the circuit court's assistance twice. The parties consented to an order substituting the defendant and an order referring the action to the Master–in–Equity, both of which are standard procedures in cases of this type. In essence, neither party availed itself of the circuit court's assistance in such a manner as to cause a lengthy delay or cause either party to incur significant attorney's fees. Furthermore, Keller's motion to compel arbitration was filed within a reasonable time after the commencement of the action.

## CONCLUSION

The record does not support the factual findings of the Master that General Equipment was prejudiced by the delay in arbitration. Keller and Fidelity did not waive their right to arbitration, and were entitled to have the Arbitration Clause enforced. Therefore, we hold the Master erred in denying Keller and Fidelity's motion to compel arbitration.

The order of the trial court is

**REVERSED and REMANDED.**

CONNOR and HUFF JJ., concur.