THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sharon Garvin,       
Respondent,
 
 
 

v.

 
 
 
Homes of CSRA, Inc., d/b/a The Groves, and Dynasty Homes, Inc.,       
Defendants,
Of whom Dynasty Homes, Inc., is,       
Appellant.
 
 
 

Appeal From Orangeburg County
O. Davie Burgdorf, Special Circuit Judge

 
 
 Unpublished Opinion No. 2003-UP-061
 Submitted September 9, 2002 - Filed January 21, 2003 
 

AFFIRMED

 
 
 
Eugene L. Ott, of Orangeburg, for appellant.
Virgin Johnson, Jr. and Glenn Walters, both of Orangeburg, for respondent.
 
 
 

PER CURIAM: Dynasty Homes, Inc. appeals the trial court's 
 denial of its motion to compel arbitration. We affirm.
FACTS/PROCEDURAL HISTORY
In December 1996, Sharon Garvin purchased a manufactured home from Homes of 
 the CSRA, Inc. The sales contract expressly stated it was subject to arbitration. 
 On April 30, 1998, Garvin filed this action against Homes of the CSRA alleging 
 damages as a result of several defects in the home. On December 28, 1998, Homes 
 of the CSRA filed a motion to dismiss, or, in the alternative, to join a necessary 
 party. By order filed March 12, 1999, the trial court ordered Garvin to amend 
 her complaint and join the home's manufacturer as a defendant. 
The amended complaint, filed June 11, 1999, added Dynasty Homes, Inc., the 
 manufacturer of Garvin's home, as a defendant and alleged causes of action for 
 breach of contract, violation of the South Carolina Unfair Trade Practices Act, 
 breach of the implied warranty of habitability, breach of the implied warranty 
 of merchantability, breach of an express warranty, breach of warranty for a 
 specific purpose, and breach of contract with fraudulent intent. Both defendants 
 filed answers denying the allegations. In addition, Homes of the CSRA cross-claimed 
 against Dynasty for indemnification. 
On May 1, 2000, Homes of the CSRA filed a motion to stay the proceedings and 
 compel arbitration, which Dynasty joined. By order dated May 16, 2000, the trial 
 court denied the motion. Dynasty appeals. 
LAW/ANALYSIS
Standard of Review
In reviewing the denial of a motion to stay pending arbitration, the trial 
 court's decision regarding the waiver of a party's right to arbitrate is "a 
 legal conclusion subject to de novo review." Gen. Equip. & Supply Co. v. 
 Keller Rigging & Constr., S.C., Inc., 344 S.C. 553, 556, 544 S.E.2d 643, 
 645 (Ct. App. 2001) (quoting Liberty Builders, Inc. v. Horton, 336 S.C. 658, 
 664, 521 S.E.2d 749, 753 (Ct. App. 1999)). The factual findings underlying the 
 trial court's conclusion, however, "will not be overruled if there is any evidence 
 reasonably supporting them." Id. (quoting Liberty, 336 S.C. at 665, 521 S.E.2d 
 at 753). 
LAW/ANALYSIS
Dynasty argues the trial court erred in finding it waived the right to compel 
 arbitration, arguing Garvin failed to show the required prejudice. We disagree. 

The policy of South Carolina favors the arbitration of disputes. Heffner v. 
 Destiny, Inc., 321 S.C. 536, 471 S.E.2d 135 (1995); Tritech Elec., Inc. v. Frank 
 M. Hall & Co., 343 S.C. 396, 540 S.E.2d 864 (Ct. App. 2000). However, it 
 is well settled that "[t]he right to enforce an arbitration clause may be waived." 
 Liberty, 336 S.C. at 665, 521 S.E.2d at 753; see Keller, 344 S.C. at 556, 544 
 S.E.2d at 645. The question of waiver depends on the facts of each case, and 
 the determinative factor is "the presence or absence of prejudice." Sentry Eng'g 
 & Constr., Inc. v. Mariner's Cay Dev. Corp., 287 S.C. 346, 351, 338 S.E.2d 631, 634 (1985). Thus, the party asserting waiver must show an undue 
 burden caused by the other party's delay in making an arbitration demand. Id.; 
 see Liberty, 336 S.C. at 665, 521 S.E.2d at 753. 
The present case has been pending since April 30, 1998 and Dynasty was joined 
 as a necessary party by order dated March 9, 1999. Although Dynasty answered 
 on July 29, 1999, it did not move the court to compel arbitration until May 
 1, 2000, some nine months after filing an answer and just before a trial on 
 the merits was scheduled to begin in June. By this time, the parties had exchanged 
 interrogatories and Garvin had been deposed. 
Dynasty contends this case is analogous to Keller, wherein we reversed the 
 trial court's denial of a motion to compel. Keller, however, involved parties 
 in litigation for less than eight months whose activities were limited to "routine 
 administrative matters and limited discovery which did not involve the taking 
 of depositions or extensive interrogatories." Keller, 344 S.C. at 557, 544 S.E.2d 
 at 645. To the contrary, we find the facts of this case more closely resemble 
 those extant in Liberty, where the court affirmed the denial of compelled arbitration 
 in part because the parties had participated in pre-trial discovery. In particular, 
 the court noted Liberty's delay in demanding arbitration not only placed an 
 undue burden on the opposing party, it also "enabled Liberty to 'test the water 
 before taking the swim.'" Liberty, 336 S.C. at 666, 521 S.E.2d at 753 (quoting 
 Homes Gas Corp. of Mass., Inc. v. Walter's of Hadley, Inc., 532 N.E.2d 681, 
 685 (Mass. 1989)). 
We therefore agree with the trial court's decision and find Dynasty prejudiced 
 Garvin and thereby waived its right to enforce the arbitration clause by serving 
 and answering interrogatories, by deposing Garvin, and by waiting until approximately 
 one month before trial to join a motion to compel arbitration filed by its co-defendant. 

AFFIRMED.
GOOLSBY, HOWARD, and SHULER, JJ., concur.