# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Linda Johnson, as Personal Representative of the Estate of Inez Roberts, Petitioner,

v.

Heritage Healthcare of Estill, LLC, d/b/a Heritage of the Lowcountry and/or Uni-Health Post Acute Network of the Lowcountry, United Clinical Services, Inc., United Rehab, Inc., And UHS-Pruitt Corporation, Respondents.

Appellate Case No. 2014-002502

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Hampton County
Carmen T. Mullen, Circuit Court Judge

---

Opinion No. 27639
Heard November 18, 2015 – Filed May 25, 2016

---

## REVERSED

---

Margie Bright Matthews, of Bright Matthews Law Firm, LLC, of Walterboro, Lee D. Cope, of Hampton, and Matthew Vernon Creech, of Ridgeland, both of Peters Murdaugh Parker Eltzroth & Detrick, PA, and Charles J. McCutchen, of Lanier & Burroughs, LLC, of Orangeburg, for Petitioner.

Monteith P. Todd, Robert E. Horner, and J. Michael Montgomery, all of Sowell Gray Stepp & Laffitte, LLC, of Columbia, and Joshua S.Whitley, of Smyth Whitley, LLC, of Charleston, W. Jerad Rissler and Jason E. Bring, both of Arnall Golden Gregory, LLP, of Atlanta, Georgia, for Respondents.

------

**ACTING JUSTICE TOAL:**   Linda Johnson asks this Court to review the court of appeals' decision in *Johnson v. Heritage Healthcare of Estill*, Op. No. 2014-UP-318 (S.C. Ct. App. filed Aug. 6, 2014), reversing the circuit court's finding that Heritage Healthcare of Estill (HHE)[1] waived its right to arbitrate the claims between it and Johnson.  We granted certiorari and now reverse.

### FACTS/PROCEDURAL BACKGROUND

In 2007, Johnson enrolled her mother, Inez Roberts (Mrs. Roberts), in HHE to receive nursing home care.  Johnson held a general power of attorney for Mrs. Roberts, and as such, signed an arbitration agreement with HHE on her mother's behalf upon Mrs. Roberts's admission to HHE.[2]

At the time, Mrs. Roberts was eighty-five years old and enjoyed good health. However, within six months of entering HHE, she developed severe pressure ulcers, resulting in the amputation of her leg and ultimately, her death in 2009.

------

[1] In addition to HHE, there are three other Respondents:  United Clinical Services, Inc.; United Rehab, Inc.; and UHS-Pruitt Corporation, each of which are parent companies of HHE.  For ease of reference, we refer to all of them as HHE.

[2] The arbitration agreement stated, in relevant part, that Mrs. Roberts and HHE agreed to arbitrate "any and all controversies, claims, disputes, disagreements or demands of any kind . . . arising out of or relating to the Resident's Admission Agreement with the Facility . . . or any service or care provided to the Resident by the Facility."  The covered claims explicitly included, *inter alia*, "negligence, gross negligence, malpractice, or any other claim based on any departure from accepted standards of medical or health care or safety whether sounding in tort or in contract."

Prior to Mrs. Roberts's death, in August 2008, Johnson requested HHE allow her access to Mrs. Roberts's medical records, but HHE refused, citing privacy provisions in the Health Insurance Portability and Accountability Act (HIPAA). Johnson then filed an ex parte motion for a temporary restraining order (TRO), seeking to obtain a copy of Mrs. Roberts's medical records from HHE and to restrain HHE from changing, altering, or destroying the records. The circuit court granted the TRO, and HHE filed a motion to dissolve the order, again citing HIPAA's privacy provisions.

Subsequently, at Johnson's request, the circuit court appointed her Mrs. Roberts's guardian *ad litem* (GAL) in order to pacify HHE's HIPAA concerns. However, HHE still refused to produce the records. The court again ordered HHE to produce the records, and HHE appealed. During the pendency of the appeal, Mrs. Roberts died, and Johnson became her personal representative. HHE then produced the records, and the parties dismissed the appeal by consent.

Several months after obtaining the records, in August 2010, Johnson filed a notice of intent (NOI) for a wrongful death and survival action against HHE. In October 2010, following an impasse at pre-suit mediation, Johnson filed her complaint. In November 2010, HHE filed its answer and asserted arbitration as one of several defenses, but did not move to compel arbitration at that time. Instead, HHE filed arbitration-related discovery requests on Johnson.

In December 2010, Johnson moved to strike HHE's arbitration defenses, arguing that HHE waived its right to enforce the arbitration agreement. Specifically, Johnson argued that although the TRO proceedings fell within the scope of the arbitration agreement, HHE did not move to compel arbitration during those proceedings, the GAL proceedings, or the subsequent appeal. Moreover, Johnson contended that HHE participated in pre-suit mediation, responded to Johnson's discovery requests, and served discovery requests on Johnson in return, thus availing itself of the court's authority.

In response, HHE speculated that if it moved to compel arbitration at that time, Johnson would raise defenses to arbitration. HHE therefore requested "a small amount of time to conduct discovery" to determine in advance the defenses Johnson intended to raise, and to obtain information through discovery that would allow HHE to better defend itself.

In March 2011, the circuit court denied Johnson's motion to strike, but found that Johnson could re-raise the waiver issue if, and once, HHE filed a motion to compel arbitration.

The parties then engaged in discovery. Johnson filed multiple motions to compel, and HHE appeared before the court to defend the motions. Further, in May 2011, the parties deposed Johnson and the HHE employee who signed the arbitration agreement on HHE's behalf. In August 2011, after a delay to obtain the deposition transcripts, HHE moved to compel arbitration.

The circuit court denied the motion, finding, *inter alia*, that HHE waived its right to enforce the arbitration agreement by waiting to file its motion to compel until after it participated in discovery and appeared multiple times in court. The court found that Johnson was prejudiced by HHE's tactics because they forced Johnson to waste a significant amount of time and money that was wholly within HHE's power to avoid.

HHE appealed, and the court of appeals reversed in an unpublished opinion. *Johnson*, Op. No. 2014-UP-318 (stating only "[w]e reverse as to whether the trial court erred in ruling [HHE] waived arbitration" (citing *Dean v. Heritage Healthcare of Ridgeway, L.L.C.*, 408 S.C. 371, 759 S.E.2d 727 (2014))). By implication, the court of appeals found that HHE moved to compel arbitration at its first opportunity. *See id.*

The Court granted Johnson's petition for a writ of certiorari to review the decision of the court of appeals with respect to the waiver issue.

### ISSUE

Whether HHE waived its right to enforce the arbitration agreement?

### STANDARD OF REVIEW

"Arbitrability determinations are subject to de novo review." *Dean*, 408 S.C. at 379, 759 S.E.2d at 731; *Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 125, 647 S.E.2d 249, 250 (Ct. App. 2007). "Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d 663, 667 (2007); *Rhodes*, 374 S.C. at 125–26, 647 S.E.2d at 250–51.

The litigant opposing arbitration bears the burden of demonstrating that he has a valid defense to arbitration. *See Dean*, 408 S.C. at 379, 759 S.E.2d at 731 (citations omitted); *Gen. Equip. & Supply Co. v. Keller Rigging & Constr., S.C., Inc.*, 344 S.C. 553, 556, 544 S.E.2d 643, 645 (Ct. App. 2001).

## ANALYSIS

South Carolina courts favor arbitration. *Toler's Cove Homeowners Ass'n, Inc. v. Trident Constr. Co.*, 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003). Nonetheless, a party may waive its right to enforce an arbitration agreement. *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 665, 521 S.E.2d 749, 753 (Ct. App. 1999) (citing *Hyload, Inc. v. Pre-Eng'd Prods., Inc.*, 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct. App. 1992) (per curiam)).

"The party seeking to establish waiver has the burden of showing prejudice through an undue burden caused by a delay in the demand for arbitration." *Gen. Equip. & Supply Co.*, 344 S.C. at 556, 544 S.E.2d at 645; *see also Evans v. Accent Mfd. Homes, Inc.*, 352 S.C. 544, 550, 575 S.E.2d 74, 76 (Ct. App. 2003). Mere inconvenience or delay is insufficient to establish prejudice on its own. *Toler's Cove*, 355 S.C. at 612, 586 S.E.2d at 585; *Rich v. Walsh*, 357 S.C. 64, 72, 590 S.E.2d 506, 510 (Ct. App. 2003) ("[M]ere delay, regardless of its duration, should not be considered as a factor independent of the actual prejudice it occasions.").

As in all waiver cases, any appropriate analysis is heavily fact-driven. *Liberty Builders*, 336 S.C. at 665, 521 S.E.2d at 753 ("'There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case.'" (quoting *Hyload, Inc.*, 308 S.C. at 280, 417 S.E.2d at 624)); *see also Rhodes*, 374 S.C. at 127, 647 S.E.2d at 252. Here, in its order finding that HHE waived its right to enforce the arbitration agreement, the circuit court set forth the relevant facts in detail, and made various factual and legal findings. However, in contrast, the court of appeals summarily reversed the circuit court, with no mention of any factual or legal errors. *See Johnson*, Op. No. 2014-UP-318 (stating only "[w]e reverse as to whether the trial court erred in ruling [HHE] waived arbitration"). In this fact-driven issue, we find the court of appeals' summary reversal inappropriate, particularly when compared with the circuit court's order, which clearly considered the facts of the case.

The initial dispute between HHE and Johnson began prior to the TRO proceedings, when HHE refused to release Mrs. Roberts's medical records to Johnson. At various times, Johnson functioned as Mrs. Roberts's power of

attorney, GAL, and personal representative.  Thus, both Mrs. Roberts *and* the court appointed Johnson to speak and act on Mrs. Roberts's behalf.  Nonetheless, on multiple occasions, HHE unreasonably refused to release the records to Mrs. Roberts's duly-appointed representative, resulting in Johnson incurring unnecessary litigation expenses.  Moreover, even after Johnson filed her complaint, HHE continued to delay by seeking limited discovery of issues that HHE wished to pursue, but ignoring Johnson's requests for discovery of issues that, in HHE's opinion, were irrelevant at that point in the litigation.  Unsurprisingly, HHE's tactics caused Johnson to incur further expenses, both in responding to HHE's requested discovery, and in preparing for litigation in the event that HHE never moved to compel arbitration at all.

HHE contends that the delay and expenses are insignificant because Johnson was on notice that it intended to compel arbitration in the future.  However, we note that similarly, after Johnson filed her motion to strike, HHE was on notice that Johnson intended to pursue a defense of waiver, and that further action before filing a motion to compel would be costly and dilatory.  *See Evans*, 352 S.C. 551, 575 S.E.2d at 77 (noting that the party seeking to compel arbitration has the burden to halt discovery and seek the court's protection from further discovery pursuant to Rule 26(c)(1), SCRCP, and stating that "Accent's prolongation of discovery necessitated Evans's pursuit of discovery, thereby forcing her to incur costs she would not have incurred in arbitration.  Thus, we find evidence that Accent's continuation of discovery, rather than seeking arbitration in a timelier manner, prejudiced Evans by forcing her to incur discovery costs.").  Nonetheless, HHE waited another eight months to file its motion to compel, in the meantime conducting its own discovery and appearing in court multiple times.  *Cf. Gen. Equip. & Supply Co.*, 344 S.C. at 557, 544 S.E.2d at 645–46 (finding no waiver when the parties only appeared in front of the court twice in eight months to substitute a defendant, and to refer the action to a Master-in-Equity, and that as such, neither party had yet incurred substantial attorney's fees); *Liberty Builders*, 336 S.C. at 666, 521 S.E.2d at 753 (finding waiver when the parties sought the court's assistance approximately forty times prior to the filing of the motion to compel, on matters such as motions to amend, compel, dismiss, add parties, and restore under Rule 40(j), SCRCP); *see also Rhodes*, 374 S.C. at 126, 647 S.E.2d at 251.

Accordingly, in light of the court of appeals' summary reversal and failure to outline any factual or legal errors committed by the circuit court, we reverse and find that HHE waived its right to enforce the arbitration agreement.

## CONCLUSION

For the foregoing reasons, the court of appeals' decision is

**REVERSED.**

**BEATTY, HEARN, JJ., and Acting Justice James E. Moore, concur. PLEICONES, C.J., dissenting in a separate opinion.**

**CHIEF JUSTICE PLEICONES:**  I respectfully dissent and would dismiss the writ of certiorari as improvidently granted since I believe the Court of Appeals correctly reversed the trial court's order finding HHE waived its right to arbitration.[3]

I disagree with the majority that Johnson's first litigation, seeking her mother's medical records, is somehow relevant to the issue whether HHE waived its right to seek arbitration in this medical malpractice suit.  In this matter, HHE raised arbitration in its answer filed on November 24, 2010, and Johnson filed a motion to strike that defense on December 1, 2010.  It was only after the circuit court denied Johnson's motion to strike in March 2011 that HHE was permitted to engage in discovery related to the arbitration issue. The majority  holds, however, that when Johnson moved to strike HHE's arbitration defense shortly  after the answer was filed, HHE was obligated to immediately move to compel arbitration, because

---

[3] The majority suggests that reversal is somehow compelled because "of the Court of Appeals' summary reversal and failure to outline any factual or legal errors committed by the circuit court . . . ."  The Court of Appeals adequately addressed the waiver issue in its opinion:

> 3.  We reverse as to whether the trial court erred in ruling Heritage waived arbitration.  *See Dean* at 47 (ruling the appellants did not delay in filing their demand for arbitration when the appellants participated in the statutorily required mediation process, and after the respondent filed her formal complaint, moved to compel arbitration at their first opportunity).
>
> *Johnson v. Heritage Healthcare of Estill, LLC*, Op. No. 2014-UP-318 (S.C. Ct. App. filed August 6, 2014).

Even if this passage did not to meet the requirements of Rule 220(b), SCACR, the proper remedy would be to remand the case to the Court of Appeals and not a reversal, as it is not within a party's power to compel that court to give a fuller explanation.  In my opinion, however, there is simply no evidence in this record that Johnson overcame "the presumption against finding a party has waived its right to compel arbitration," *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 388, 759 S.E.2d 727, 736 (2014) (internal citation omitted), and therefore no necessity for such a remand.

anything less was both "costly and dilatory."  It is undisputed, however, that the arbitration issue was in limbo until Johnson's motions to strike were resolved in March 2011, and that the multiple court appearances were the result of Johnson's own "multiple motions to compel," and that "HHE appeared before the court [only] to defend [against Johnson's]  motions." *Johnson v. Heritage Healthcare of Estill, LLC*, *supra*.  I do not see any facts in this record supporting the majority's conclusions that HHE's actions were costly or dilatory, nor any evidence that Johnson was prejudiced by HHE's failure to move to compel arbitration for approximately nine months after filing its answer raising the issue, especially since the arbitration discovery process was unavailable from December 2010 until March 2011 as the result of Johnson's filing the motion to strike the defense. *Compare*, *e.g.*, *Evans v. Accent Mfg'd Homes, Inc.*, 352 S.C. 544, 575 S.E.2d 74 (Ct. App. 2003) (finding waiver where arbitration was neither pleaded nor raised for first nineteenth months of litigation)

In my opinion, nothing in this record supports a finding that Johnson met her "heavy burden" of overcoming the presumption that HHE did not waive its right to arbitrate, nor that she suffered an "undue burden" caused by HHE's "delay" in demanding arbitration.  *Dean*, *supra*.  I therefore dissent, and would dismiss the writ as improvidently granted.