**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Estate of Patricia Royston, by and through the appointed Personal Representative, Marianne McCoig, Individually, and on behalf of the statutory beneficiaries, Respondent,

v.

Hunt Valley Holdings, LLC a/k/a Fundamental Long Term Care Holdings, LLC; Fundamental Clinical and Operational Services, LLC; Fundamental Administrative Services, LLC; and THI of South Carolina at Magnolia Place at Greenville, LLC d/b/a Magnolia Place-Greenville, Appellants.

Appellate Case No. 2019-001955

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2022-UP-203
Submitted April 1, 2022 – Filed May 18, 2022

**AFFIRMED**

Stephen Lynwood Brown, Russell Grainger Hines, and Donald Jay Davis, Jr., all of Clement Rivers, LLP, of Charleston, for Appellants.

Gary W. Poliakoff and Raymond Paul Mullman, Jr., both of Poliakoff & Assoc., PA, of Spartanburg; Matthew W. Christian, of Christian & Christian, LLC, of Greenville; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, all for Respondent.

---

**PER CURIAM:** Hunt Valley Holdings, LLC, a/k/a Fundamental Long Term Care Holdings, LLC; Fundamental Clinical and Operational Services, LLC; and Fundamental Administrative Services, LLC (collectively, Corporate Appellants) and THI of South Carolina at Magnolia Place at Greenville, LLC, d/b/a Magnolia Place-Greenville (the Facility) appeal the circuit court's denial of the Facility's motion to compel arbitration and the denial of the Corporate Appellants' motions to stay the ligation brought by the Estate of Patricia Royston (the Estate). They assert the circuit court erred in holding the Arbitration Agreement was not valid and enforceable because (1) it was not signed by a representative of the Facility and (2) the parties on the Arbitration Agreement were not the parties specifically listed in the lawsuit. We affirm.

The trial court did not err in denying the motion to compel arbitration. *See Johnson v. Heritage Healthcare of Estill, LLC*, 416 S.C. 508, 512, 788 S.E.2d 216, 218 (2016) ("Arbitrability determinations are subject to de novo review." (quoting *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 379, 759 S.E.2d 727, 731 (2014))); *id.* ("Nevertheless, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings." (quoting *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d 663, 667 (2007))); *Simmons v. Benson Hyundai, LLC*, Op. No. 5900 (S.C. Ct. App. filed March 16, 2022) (Howard Adv. Sh. No. 10 at 14, 16) ("[T]he [Federal Arbitration Act] does not require parties to arbitrate when they have not agreed to do so." (first alteration in original) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989))); *id.* at 17 ("[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010))); *id.* at 15 ("[S]tatements that the law 'favors' arbitration mean simply that courts must respect and enforce a contractual provision to arbitrate as it respects and enforces all contractual provisions. There is, however, no public policy—federal or state—'favoring' arbitration." (quoting

*Palmetto Constr. Grp., LLC v. Restoration Specialists, LLC*, 432 S.C. 633, 639, 856 S.E.2d 150, 153 (2021))); *Doe v. TCSC, LLC*, 430 S.C. 602, 611, 846 S.E.2d 874, 878 (Ct. App. 2020) ("In deciding whether a valid, enforceable and irrevocable arbitration agreement exists, we apply general principles of state contract law."); *Rushing v. McKinney*, 370 S.C. 280, 290, 633 S.E.2d 917, 922 (Ct. App. 2006) ("For a contract to arise there must be an agreement between two or more parties. There must be an offer, there must be an acceptance, and there must be a meeting of the minds of the parties involved." (quoting *Hughes v. Edwards*, 265 S.C. 529, 536, 220 S.E.2d 231, 234 (1975))); *id.* ("A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct." (quoting *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 439 (Ct. App. 2003))); *Connor v. Renneker*, 25 S.C. 514, 517-18 (1886) ("It is unquestionably true as a general proposition that a contract cannot bind the party proposing it, and indeed that it is no contract until the acceptance of the offer by the party receiving it is in some way actually or constructively communicated to the party making the offer." (quoting 1 Theophilus Parsons, *The Law of Contracts* 483 (6th ed. 1873))). The lack of a signature by a Facility representative and the absence of the Arbitration Agreement from the Facility's files create an inference that Patricia Royston never accepted the Arbitration Agreement. Thus, we hold the record provides evidence that reasonably supports the circuit court's finding that the Arbitration Agreement was not enforceable.

The Estate concedes the circuit court's statements concerning the relationships of the Facility with the Corporate Appellants are not binding on future proceedings. We decline to address any remaining issues because the resolution of the prior issue is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court does not need to review remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.