**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joshua Phillips, Respondent,

v.

Renu Energy Solutions, LLC, Appellant.

Appellate Case No. 2024-000338

———————

Appeal From Darlington County
Michael S. Holt, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-225
Heard June 5, 2025 – Filed July 2, 2025

———————

**REVERSED**

———————

James Edward Bradley, of Moore Bradley Myers, PA, of West Columbia, for Appellant.

Andrew Marvin Connor, of Connor Law, PC, of Mount Pleasant, for Respondent.

———————

**PER CURIAM:** Renu Energy Solutions, LLC (Renu) appeals the circuit court's orders denying its motions for dismissal and to compel arbitration. We reverse.[1]

———

[1] The contract at issue involves interstate commerce; therefore, the Federal Arbitration Act (FAA) controls the agreement at issue.

We hold the arbitration agreement in question is not unconscionable and reverse the circuit court's denial of the motion to compel arbitration. *See Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d 663, 667 (2007) ("Arbitrability determinations are subject to de novo review."); *Sanders v. Savannah Highway Auto. Co.*, 440 S.C. 377, 383, 892 S.E.2d 112, 115 (2023) ("[A]rbitration agreements 'may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability.'" (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010))); *Simpson*, 373 S.C. at 25, 644 S.E.2d at 668 ("In analyzing claims of unconscionability in the context of arbitration agreements, the Fourth Circuit has instructed courts to focus generally on whether the arbitration clause is geared towards achieving an unbiased decision by a neutral decision-maker."); *id.* at 25, 644 S.E.2d at 669 ("It is under this general rubric that we determine whether a contract provision is unconscionable due to both an absence of meaningful choice and oppressive, one-sided terms.").

First, we find the circuit court erred in finding Phillips lacked meaningful choice because solar panels are not a necessity. "Whether one party lacks a meaningful choice in entering the arbitration agreement at issue typically speaks to the fundamental fairness of the bargaining process." *Smith v. D.R. Horton, Inc.*, 417 S.C. 42, 49, 790 S.E.2d 1, 4 (2016). "Contracts of adhesion are 'standard form contract[s] offered on a 'take-it-or-leave-it' basis with terms that are not negotiable.'" *315 Corley CW LLC v. Palmetto Bluff Dev., LLC*, 444 S.C. 521, 531, 908 S.E.2d 892, 897 (Ct. App. 2024) (quoting *Simpson*, 373 S.C. at 26–27, 644 S.E.2d at 669). However, "[a]dhesion contracts . . . are not per se unconscionable." *Id.* at 532, 908 S.E.2d at 897 (quoting *Simpson*, 373 S.C. at 27, 644 S.E.2d at 669). Instead, "adhesive contracts are not unconscionable in and of themselves so long as the terms are even-handed." *Id.* (emphases removed) (quoting *Damico v. Lennar Carolinas, LLC*, 437 S.C. 596, 614, 879 S.E.2d 746, 756 (2022)). Like in *Simpson*, we hold that the contract at issue is an adhesion contract. However, the contract was not for a necessity, such as a car. Instead, it was for the purchase and installation of a solar panel system, which is not "critically important" to everyday life. We further find any alleged inconspicuousness of the arbitration provisions did not deprive Phillips of a meaningful choice. The FAA does not require an arbitration provision to be bolded, underlined, or typed in all caps.

Second, we hold the arbitration agreement does not contain oppressive one-sided terms. *See 315 Corley*, 444 S.C. at 533, 908 S.E.2d at 898 ("Turning to the second prong of unconscionability, terms are unconscionably oppressive and one-sided when they are such that 'no reasonable person would make them and no fair and

honest person would accept them.'" (quoting *Damico*, 437 S.C. at 611, 879 S.E.2d at 754)). We hold the circuit court's finding that the arbitration agreement imposed excessive costs was unduly speculative; the arbitration provision provides for multiple methods of selecting arbitrators and Renu stipulated to applying the AAA's consumer rules, which are more cost-effective than its construction rules. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000) (holding that when "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs"). Additionally, we hold there is no lack of mutuality of remedy in the arbitration provision and the circuit erred in finding such. The arbitration provision exempts Renu from arbitrating any claims for collection of payment or the return of equipment. Phillips is not prevented from receiving any *remedy* under the arbitration agreement; instead, he is only required to pursue his remedy in an alternative *forum*—arbitration. *See Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 542, 542 S.E.2d 360, 365 (2001) ("An agreement providing for arbitration does not determine the *remedy* for a breach of contract but only the *forum* in which the remedy for the breach is determined."). In any event, "lack of mutuality of remedy in an arbitration agreement, on its own, does not make the arbitration agreement unconscionable." *Simpson*, 373 S.C. at 31, 644 S.E.2d at 672. *See id.* ("The primary basis for this conclusion . . . [is] that requiring one party to seek a remedy through arbitration rather than the judicial system [does] not deprive that party of a remedy altogether.").

Finally, we hold the circuit court erred in finding section 15-7-120 of the South Carolina Code (2005) prohibited Renu from naming Charlotte as the arbitration venue because section 15-7-120(B) is preempted by the FAA and unenforceable against contracts that involve interstate commerce. *See Tritech Elec., Inc. v. Frank M. Hall & Co.*, 343 S.C. 396, 400, 540 S.E.2d 864, 866 (Ct. App. 2000) ("Where a contract evidencing interstate commerce contains an arbitration clause, the FAA preempts conflicting state arbitration law."); *id.* (holding the trial court erred by enforcing section 15-7-120(B) against a contract involving interstate commerce that required arbitration in Georgia).

As to whether Renu waived arbitration by participating in discovery, we hold it did not. Renu did not wait an extensive amount of time prior to filing its motion to compel arbitration, engage in extensive discovery, or avail itself of the circuit court's assistance. Instead, Renu filed its motion to compel arbitration concurrently with its answer (only 68 days after Phillips filed his complaint). *See Toler's Cove Homeowners Ass'n, Inc. v. Trident Const. Co.*, 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003) ("It is generally held that the right to enforce an arbitration clause may

be waived."); *Gen. Equip. & Supply Co. v. Keller Rigging & Const., SC, Inc.*, 344 S.C. 553, 557, 544 S.E.2d 643, 645 (Ct. App. 2001) (holding a party did not waive its right to arbitrate because the "litigation consisted of routine administrative matters and limited discovery which did not involve the taking of depositions or extensive interrogatories"); *id.* ("[T]he parties were involved in litigation for less than eight months" and "neither party availed itself of the circuit court's assistance in such a manner as to cause a lengthy delay.").

Accordingly, the circuit court's orders are **REVERSED.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**