**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Julianne Foster, Respondent,

v.

Rhett Riviere, Katherine A. Thomas, Chase Enterprises, LLC of South Carolina, and Airbnb, Inc., Defendants,

of which Airbnb, Inc., is the Appellant and Rhett Riviere is a Respondent.

Appellate Case No. 2023-001479

―――――――――――

Appeal From Aiken County
J. Cordell Maddox, Jr., Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-297
Heard February 6, 2025 – Filed August 20, 2025

―――――――――――

**AFFIRMED**

―――――――――――

Phillip Donald Barber and Richard A. Harpootlian, both of Richard A. Harpootlian, P.A., of Columbia; C. Mitchell Brown, Matthew A. Abee, and Blake Terence Williams, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia; Beattie B. Ashmore, of Beattie B. Ashmore, PA, of Greenville; Damali Taylor, of San Francisco, California; and Dawn Sestito, of Santa Monica, California, all for Appellant.

Joseph M. McCulloch, Jr. and Kathy R. Schillaci, both of
McCulloch and Schillaci, of Columbia; James Mixon
Griffin and Margaret Nicole Fox, both of Griffin
Humphries LLC, of Columbia; and John W. Harte, of
John W. Harte Attorney At Law, LLC, of Aiken, all for
Respondent Rhett Riviere.

Deborah B. Barbier, of Deborah B. Barbier, LLC, of
Columbia; Ryan Lewis Beasley, of Ryan L. Beasley,
Attorney at Law, PA, of Greenville; and Wesley D. Few,
of Wesley D. Few, LLC, of Greenville, all for
Respondent Julianne Foster.

_____

**PER CURIAM:**  In this appeal, Airbnb, Inc. argues the circuit court erred in denying its motion to compel arbitration and in granting Julianne Foster's motion for a rule to show cause against Airbnb.

We affirm the circuit court's denial of Airbnb's motion to compel arbitration because Airbnb waived any rights it may have possessed against Foster.[1]  *See 315 Corley CW LLC v. Palmetto Bluff Dev., LLC*, 444 S.C. 521, 527–28, 908 S.E.2d 892, 895 (Ct. App. 2024) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review." (quoting *Chassereau v. Global-Sun Pools, Inc.*, 363 S.C. 628, 631, 611 S.E.2d 305, 307 (Ct. App. 2005))), *cert granted* (June 25, 2025)  *Lampo v. Amedisys Holding, LLC*, 437 S.C. 236, 242, 877 S.E.2d 486, 489 (Ct. App. 2022) ("Because the core of the [Federal Arbitration Act (FAA)] is consent, arbitration may be compelled only when the parties have agreed to it."); *id.* ("[I]t is always up to the court to determine if the parties have an agreement to arbitrate."), *rev'd on other grounds*, 445 S.C. 305, 914 S.E.2d 139 (2025).

"It is generally held that the right to enforce an arbitration clause may be waived." *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 665, 521 S.E.2d 749, 753 (Ct. App. 1999).  "A party may waive the right to arbitration by being unjustifiably slow in seeking arbitration." *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544,

---

[1] We make no finding as to whether Airbnb and Michelle Jain had an enforceable arbitration agreement or whether Foster could be bound to such an agreement as a nonsignatory.

550, 575 S.E.2d 74, 76 (Ct. App. 2003) (quoting 4 Am.Jur.2d *Alternate Dispute Resolution* § 129 (1995)). "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Id.* at 550, 575 S.E.2d at 77 (quoting *Hyload, Inc. v. Pre-Engineered Prods., Inc.*, 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct. App. 1992)). However, the Supreme Court has clarified that the party asserting waiver of a right to arbitration *does not* have to show prejudice. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417–19 (2022).

The record unequivocally demonstrates that Airbnb acted inconsistently with its right to arbitrate and actively participated in discovery for a prolonged period of time, including filing multiple answers, multiple motions to dismiss, taking depositions, etc. Foster initially filed her complaint in April 2021 and filed her amended complaint in November 2022. Despite stating its intention to file a motion to compel arbitration in May 2021, Airbnb did not file its motion to compel until May 2023. South Carolina courts have repeatedly held that such behavior constitutes waiver because the pursuit of discovery allows a party to obtain information from discovery before pursuing arbitration while forcing the opposing party to incur discovery costs that would not arise in arbitration. *See Johnson v. Heritage Healthcare of Estill, LLC*, 416 S.C. 508, 514–15, 788 S.E.2d 216, 219 (2016) (holding a party waived its right to arbitration when it participated in discovery prior to filing its motion to compel arbitration despite having pled arbitration as a defense in its pleadings); *Liberty Builders, Inc.*, 336 S.C. at 668, 521 S.E.2d at 754 (holding a party waived its right to enforce an arbitration clause "by submitting the dispute to the court and availing itself of that system for two and one-half years" even though the arbitration agreement contained a no-waiver provision); *cf. Gen. Equip. & Supply Co. v. Keller Rigging & Constr., S.C., Inc.*, 344 S.C. 553, 557, 544 S.E.2d 643, 645–46 (Ct. App. 2001) (finding no waiver when the parties only appeared in front of the court twice in eight months to substitute a defendant, and to refer the action to a master-in-equity, and that as such, neither party had yet incurred substantial attorney's fees). Accordingly, we hold the circuit court did not err in denying the motion to compel arbitration.[2] *See*

---

[2] Because our finding as to waiver is dispositive, we decline to address whether the circuit court erred in finding Foster could not be bound to the arbitration agreement via direct benefits estoppel or whether the court erred in finding South Carolina declines to bind parties to arbitration agreements in cases involving outrageous acts or unforeseeable torts. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

*I'On, L.L.C. v. Town of Mount Pleasant,* 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (holding that an appellate court may affirm the circuit court's ruling using any additional reasons that are raised by the respondent's brief and found within the record).

As to whether the circuit court erred in granting Foster's motion for a rule to show a cause, we decline to address this issue because there is no effectual relief this court can offer. *See Wayne's Auto. Ctr., Inc. v. S.C. Dep't of Pub. Safety*, 431 S.C. 465, 475, 848 S.E.2d 56, 62 (Ct. App. 2020) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists." (quoting *Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009))). In May 2023, the circuit court issued a discovery order against Airbnb, directing it to comply with Foster's requests for discovery within sixty days. Airbnb filed a motion to reconsider this order, which is still pending before the circuit court. Airbnb also failed to comply with the order. Foster subsequently filed a rule to show cause against Airbnb. Rather than issuing a rule to show cause and holding a contempt hearing, the circuit court issued an order granting Foster's motion. Airbnb now appeals, asserting the circuit court erred in finding it in contempt. However, we find the rule to show cause order is not synonymous with a contempt order; the court made no findings of contempt and issued no sanctions against Airbnb. Instead, the court noted Airbnb's continued failure to comply with the prior discovery order and directed it to comply with that order within forty-five days of the rule to show cause order. Airbnb did not appeal the prior discovery order. Thus, the order being appealed in this case essentially bears no effect other than repeating a former directive of the court. Therefore, this court has no relief to offer. *See Davis v. Parkview Apartments*, 409 S.C. 266, 280–81, 762 S.E.2d 535, 543 (2014) (providing that discovery orders are interlocutory and not immediately appealable and holding the merits of the challenged discovery orders were not properly before the court when the appellants "continued along in the litigation, attempting to divert the implementation of the court's rulings by providing incomplete responses and causing delay through other tactics while they decided whether or not to surrender to the possibility of being held in contempt of court").

Based on the foregoing, the orders of the circuit court are

**AFFIRMED.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**